D'AVISON et al, Plaintiffs, v. CIRCUIT COURT OF KINGS-
    BURY COUNTY, Ninth Judicial Circuit, et al, Defendants.

(173 N. W. 737.)

(File No. 4588.   Opinion filed August 15, 1919.)

1. Certiorari—Quieting Title, Non-resident Defendants, Interest of
    In Realty, No "Unknown" Parties—Statute, Title, Whether

Comprehending Mortgage Lien, Constitutionality—Jurisdiction Regardless of Statute.

One D. sued in circuit court numerous defendants, alleging she was a stockholder and also beneficially interested in a non-resident realty corporation, which corporation had formerly owned lands in this state, which it had sold, taking in part payment notes secured by mortgages on the realty, the notes having been distributed by defendants' managing officers among defendants who were stockholders in the corporation, which distribution was with intent to deplete corporation assets, thus defrauding plaintiff, etc., the purchasers of the realty being also made defendants, as well as other parties to whom such purchasers had resold the realty and who, on the resales, had agreed to pay the mortgage debt, a foreign receiver of the corporation being also made defendant, and all said purchasers being non-residents save two among the re-purchasers, which latter were served with summons in this state. All non-residents were served with summons upon order for publication; the relief sought being determination of plaintiff's interest in the corporation, that the corporation be adjudged to be stlil owner of the securities, that the corporation's title be quieted, and that an equitable distribution of the property be made to stockholders. Held, on certiorari in Supreme Court by defendants appearing specially and moving for dismissal of suit, the motion having been denied, that the circuit court had jurisdiction under Laws 1905, Ch. 81, Secs. 2846-2855, Rev. Code 1919, authorizing suits to determine interests in realty, etc., that the contention that said chapter does not authorize determination of interests in mortgage liens against the realty, and is unconstitutional because such provisions are not warranted by title, referring to the determination of adverse claims to realty and for quieting title thereto in circuit court, and for making unknown persons, heirs, etc., parties defendant, comprehends such suit, inasmuch as no unknown parties were made defendants. Held, further, that no resort to such statute need be had for authority for bringing the suit.

2. Same—Jurisdiction, Whether Embracing "Certain" Relief, or "Any" Relief.

Held, further, that the question before the Court is not whether certain of the relief sought is beyond jurisdiction of trial court, but whether any of the relief sought is within such jurisdiction.

3. Quieting Title—Stockholders' Interest in Land Corporation Assets, Distinguished from Lien On, Interest In, Realty—Complaint, Sufficiency.

In a suit to quiet title, by one alleging she was a stockholder in a non-resident land corporation, on whose behalf she brought

the suit, alleging the corporation was owner of mortgages against realty, the interests in which mortgages were sought to be determined in the suit, held, that the complaint did not show plaintiff had no estate, lien, on or interest in realty.

4.  Actions—Title—Injunction Against Resident Parties—Interests in Corporate Realty Mortgage Assets—S. D. Realty Distinguished from Foreign Choses in Action—Jurisdiction Over Realty as Controlling—Parties Defendant, Effect Re.

Where, in a suit to quiet title to corporate realty mortgage assets, and for their distribution among corporate stockholders, practically all of the defendants were non-residents of the state, held, that the subject-matter of the suit was not choses in action which the complaint did not show were within this state, but the land, situated therein, over which mortgage liens extended, were such subject, and ownership of any liens created by such mortgages are properly determinable by courts of this state, which has jurisdiction to adjudicate said issues, the decree being binding upon parties thereto and upon all who might acquire title after suit brought and filing of notice of lis pendens; moreover, several resident defendants who as land purchasers assumed payments of certain mortgage debts, and have been personally served, are within court's jurisdiction to control their acts by means of restraining orders or injunctions.

5.  Injunctions—Injunctive Relief Under Service by Publication—Quieting Title, Interests in S. D. Realty Mortgages, Enjoining Mortgage Transfer, Tenability—Non-appearing Non-resident Parties, Effect Re.

The mere fact, that in a suit to quiet title to corporate realty mortgage interests on lands in this state, the court might not be able, in case of non-appearance of non-resident parties defendant, to reach them through any writ, and thereby to restrain them in their action, would merely leave for determination in other and proper proceedings the legal effect of any purported transfer of such securities; and such objection is unavailing against jurisdiction of circuit court to obtain such injunctive relief under such service of process.

6.  Actions—Parties Defendant—Quieting Title to Non-resident Corporation Mortgages on S. D. Realty—Corporate Receiver, as Party Plaintiff, Immateriality of Question Involving Jurisdiction.

The question whether, in a controversy to quiet title to non-resident corporation's realty mortgages upon S. D. lands, which mortgages were alleged to have been fraudulently distributed by corporate managers to defendant corporate stockholders, the receiver of the corporation would or should not bring such action, does not involve question of circuit court's jurisdiction, and therefore is not before Supreme Court in an original ap-

plication 'in certiorari, by parties defendant whose motion to dismiss the suit had been denied, to determine question of circuit court's jurisdiction in said suit.

Original application in Supreme Court, by Arthur Davison, and others, against the Circuit Court of Kingsbury County, in the Ninth Judicial Circuit of the State of South Dakota, and Honorable Alva E. Taylor, presiding judge, and H. J. Hamilton, clerk, for a writ of certiorari directed to the circuit court, commanding it to make return to the Supreme Court of its proceedings, upon a motion thereto made by the appellants to dismiss the action. Upon return of the writ. Writ dismissed.

*William H. Warren*, for Plaintiffs.

*Gardner & Churchill*, for Defendants.

(1) Under point one of the opinion, Plaintiffs submitted that:

The statute under which this action is brought contemplates the plaintiff shall come into court with an existing title, or a lien giving plaintiff an interest in real estate, and for the purpose of obtaining a decree confirming such title. That, the court having no jurisdiction over the mortgage notes, any judgment as to the mortgages would be unavailing. That said statute is designed to furnish a means by which the court may determine which of two *adverse* claims to real estate is paramount, and not to enable a person to acquire an interest in the same identical title or lien which is admittedly a valid claim on the land; and cited:

32 Cyc. 1343; Weeks v. Cramer (S. D.) 95 N. W. 875; Harmon v. Goggins (S. D.) 101 N. W. 722; Conrad v. Adler (N. D.) 100 N. W. 1088.

Defendants submitted that: Plaintiff below is entitled to, and under the allegations of the complaint, does bring the action on behalf of the corporation, which is the true owner of the property involved; and cited: Anderson v. Scandia Mining Syndicate, 28 S. D. 558 (572); Whitney v. Hazzard, 18 S. D. 490; Loftus v. Farmer's Shipping Association, 8 S. D. 201; Chicago Cab. Co. v. Yerkes (Ill.) 30 N. E. 667; 33 A. S. R. 315. That there is property in South Dakota, over which the court has acquired jurisdiction, and against which a judgment will be effectual; citing: Southern Pacific R. R. Co. v. Lyon (Miss.) 54 So. 728 1913 D. Ann. Cas. 800 and note; C. R. I. & P. Co. v. Sturm, 174

17—Vol. 42, S. D.

U. S. 710, 43 L. Ed. 1144; State ex rel. Bank v. Circuit Court, 32 S. D. 573, 143 N. W. 892.

That Chapter 81 of the Session Laws of 1905 includes an action to quiet title to a lien as well as to the fee title; citing: Berry v. Howard, 33 S. D. 447.

WHITING, J. One Addie K. Davison brought an action in the circuit court of Kingsbury county against a large number of defendants, alleging in substance that she was a stockholder and otherwise beneficially interested in the Davison Realty Company, an Iowa corporation; that said corporation had formerly owned a large tract of land in Kingsbury county, as well as some other land; that it had sold all of its lands, taking in part payment therefor notes secured by mortgages on the real estate in Kingsbury county; that certain of the defendants who were managing officers of such corporation had distributed the said notes among the defendants who were stockholders in said corporation; and that such distribution was made for the purpose and with the intent of depleting the assets of said corporation and thus defrauding this plaintiff and depriving her of her just interests in the corporation. Besides the parties against whom the fraud was charged and the alleged beneficiaries of such fraud, there were made parties defendant the purchasers of said real estate, as well as certain parties to whom such purchasers had since resold such real estate and who, upon such resale, had assumed and agreed to pay the mortgage indebtedness. A receiver of such corporation, appointed by an Iowa court, was also named a party defendant. The defendants charged with the fraud were all nonresidents of this state, as were the defendants who purchased the land from the corporation. Two defendants who were purchasers upon the resale were residents of this state, and personal service of summons in said action was made upon them in this state. Another of the purchasers on such resale was a nonresident of the state. There were other parties to said action, but they are not parties to the present proceeding, and their relation to this matter is immaterial to any question now before us. Order for publication of summons was obtained as to all the nonresident defendants and service made in compliance with such order. The relief sought by the plaintiff in such action was that the court determine her interest in the said corporation; that it be adjudged that the

corporation was still the true and lawful owner of the notes and mortgages acquired by it upon the sale of said land; that the corporation's title to such notes and mortgages be quieted; and that an equitable distribution of the property of said corporation be made to the stockholders.

Those defendants who were stockholders of said corporation, including those that were its managing officers and directors, entered a special appearance in said action and moved the dismissal thereof upon various grounds. The motion having been denied, such defendants procured from this court a writ of certiorari directed to the circuit court, commanding it to make return to this court of its proceeding upon said motion to dismiss. It is upon the return of such writ that this matter is now before us, and the sole question to be determined is whether, under the facts pleaded, the circuit court has jurisdiction to grant any relief whatsoever.

[1] Plaintiffs assert that the circuit court action was one brought under chapter 81, Laws 1905 (§§ 2846-2855, Rev. Code 1919), which authorizes actions to determine interests in real property and to make unknown parties defendants and prescribes the method of acquiring jurisdiction as to such defendants; and they contend that, in so far as said statute purports to authorize a determination of interests in liens, such as mortgages, against real property, it is unconstitutional, because such provisions are not warranted by the title of said act. There is no merit in this contention—the title is sufficiently broad, and, furthermore, inasmuch as no unknown parties were made defendants in this action, no resort to such statute need be had to find authority for the bringing of such action.

.[2, 3] It is further urged that the complaint in the circuit court action showed affirmatively that the plaintiff in said action did not have an estate or lien upon or interest in the real property mentioned therein. Such plaintiff made no contention that she had any lien or interest in the real property. She alleged an interest in the assets of the corporation as a stockholder, and brought such action on behalf of the corporation, alleging that the corporation was the owner of mortgages against real property. We are not called upon to decide, in the present proceeding, whether the courts of this state, after determining the title to the

mortgages, would have jurisdiction to distribute the assets of the corporation among its stockholders—the question before us is not whether certain of the relief sought is beyond the jurisdiction of the trial court, but rather whether any of the relief sought is within such jurisdiction.

[4]   It was urged, upon the motion to dismiss, that the plaintiff and those defendants in such circuit court action who are parties to this proceeding, were each and all nonresidents; that the subject of said action, if there was any subject to such action, relates to a controversy over merely choses in action, and that it does not appear that any of such choses in action are within this state. The land incumbered by said mortgages lies within this state, and the ownership of the liens created by said mortgages is a matter of proper determination by the courts of this state. No good reason has been suggested why, as between adverse claimants of ownership in and to a lien, courts should not have the power and jurisdiction to adjudicate such ownership, and why such adjudication should not be binding upon parties thereto and upon all who might acquire title after the bringing of such action and the filing of a notice of lis pendens. Of course, if the notes secured by the mortgages were negotiable instruments and have passed into the hands of those who became holders in good faith and who were not made parties to the action to determine ownership of the liens, the judgment of the court, determining such ownership, could not affect the rights of such holders in and to such liens; but the question before us is not what the effect of the judgment of the circuit court might be as to persons not parties to the action in said court, but merely as to the power of said court to adjudicate as between the parties to said action. Moreover, in this case, at least two parties, through assuming the payment of the mortgage indebtedness, have become primarily liable therefor and have been personally served, thus giving to such court full jurisdiction to control their acts by means of restraining orders or injunctions.

[5]   It is further urged that the basis of the circuit court action was to obtain injunctive relief, which relief cannot be granted under service of summons by publication. The mere fact that the court might not be able, in case of nonappearance of said parties, to reach them through any writ issued by the

court, and therefore to restrain them in their action, would merely leave for determination, in other and proper proceedings, between the proper parties thereto, the legal effect of any purported transfer of the notes and mortgages, if such a transfer was attempted.

[6]   It is urged that no reason appeared, in the complaint in circuit court, why the receiver of the corporation would or should not bring said action. Such a question does not go to the question of the jurisdiction of the circuit court, and therefore is not before us on this proceeding.

The writ of certiorari is dismissed, at plaintiffs' costs.