(No. 5057. October 29, 1929.)

PETER ZOHOS, Respondent, v. GUST MAREFOLOS and ANASTATIA MAREFOLOS, Husband and Wife, Defendants, and JOHN C. GRANZ and ETHIE K. GRANZ, Husband and Wife, Appellants.

[281 Pac. 1114.]

L. E. Glennon, for Appellants.

William Edens and E. G. Frawley, for Respondent, file no brief.

WM. E. LEE, J.—It was alleged and the court found that Zohos, the owner of a parcel of real property in Bannock county, was induced by fraudulent representations, etc., to convey it to Marefolos, who, thereafter held the same in trust for Zohos. Marefolos conveyed the property to Granz, but promptly left the state without paying Zohos the proceeds thereof. Granz still owes $1100 on the purchase price. This is evidenced by a promissory note, payment of

which is secured by a mortgage on the property. Finding that Marefolos held the real property in trust for Zohos, that the debt belonged to Zohos and that the evidence thereof, the note, was held by Marefolos in trust for Zohos, the court made and entered a decree for the foreclosure of the mortgage.

Marefolos was served by publication and did not appear; and Granz takes the position that before a recovery could be had against him in favor of Zohos it was necessary for the court to determine that Marefolos held the legal title to the note and mortgage in trust for Zohos and that Zohos was the equitable and actual owner thereof, a question which, Granz says, the court was without jurisdiction to determine. In view of the absence of Marefolos, Granz argues that the only remedy available was a pursuit of Marefolos. Equity is not so impotent. When Marefolos left the state without paying over the proceeds of the conveyance of the land, two courses were open to Zohos: He could either pursue Marefolos and hold him personally liable for the breach of the trust relationship, or lay hold of any proceeds of the trust property. (26 R. C. L. 1350, sec. 215.) Zohos pursued the latter alternative; he sought to impress a trust on the mortgage security, taken in exchange for his land, and, by a foreclosure of the lien, to secure the proceeds of the sale then owing by Granz. This course was eminently proper. "Whenever property in its original state and form has once been impressed with the character of a trust, no subsequent change of such state and form can divest it of its trust character, so long as it is capable of clear identification; *and the beneficiary of the trust may pursue and reclaim it in whatever form he may find it,* unless it has passed into the possession of a *bona fide* purchaser without notice." (26 R. C. L. 1348, sec. 214, and cases cited under note 17; 39 Cyc. 528, chap. "B.")

The land itself, the mortgage security, the substitute for the trust property, that which was primarily chargeable for the payment of the debt, was in Bannock county, which was the only place where the mortgage could

be foreclosed (C. S., sec. 6661), the foreclosure of which was the one action to enforce the debt it secured. (C. S., sec. 6949.) The court had jurisdiction to proceed against the mortgage security in Bannock county, and Marefolos was bound to the extent of such security. (15 C. J. 794, sec. 90; *Overby v. Gordon,* 177 U. S. 214, 20 Sup. Ct. 603, 44 L. ed. 741.) It is our conclusion that the court was well within its power in directing a foreclosure of the security (39 Cyc. 617, sec. 9; *Porter Land & Water Co. v. Baskin,* 43 Fed. 323; *Loaiza v. Superior Court,* 85 Cal. 11, 20 Am. St. 197, 24 Pac. 707, 9 L. R. A. 376; *Gassert v. Strong,* 38 Mont. 18, 98 Pac. 497; *Reeves v. Pierce,* 64 Kan. 502, 67 Pac. 1108; *Chaves v. Myer,* 13 N. M. 368, 85 Pac. 233, 6 L. R. A., N. S., 793; *Davidson v. Circuit Court,* 42 S. D. 254, 173 N. W. 737), requiring, as it did, a bond to protect Granz against a possible innocent assignee.

The parties agree that no deficiency should have been authorized against the wife of Granz. To this extent the judgment *will be modified;* otherwise *it is affirmed.*

Budge, C. J., Givens and Varian, JJ., and Baker, D. J., concur.