Anna Lee ANDERSON, Plaintiff and Appellant,

v.

DEAN WITTER REYNOLDS, INC., Ralph Pahnke, and John Does 1 Through 25, Defendants and Appellees.

No. 920228–CA.

Court of Appeals of Utah.

Nov. 13, 1992.

James E. Morton, Ronald C. Wolthuis, and Scott S. Kunkel, Salt Lake City, for plaintiff and appellant.

Joseph J. Palmer, Reid E. Lewis, and E. Jay Sheen, Salt Lake City, for defendants and appellees.

Before GARFF, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Appellant, Anna Lee Anderson, appeals an order granting appellees' motion to dismiss based on Rules 12(b)(6), 12(b)(7), and 19 of the Utah Rules of Civil Procedure. We reverse and remand.

## FACTS

On November 20, 1978, Norman Anderson executed a trust agreement creating the Norman Anderson Trust. The trust was funded by stock held in a brokerage account with Dean Witter, Inc. (Dean Witter). Dean Witter had a copy of the trust agreement that outlined the terms and conditions for disbursement of trust assets. James Anderson, the son of Norman Anderson, was named as trustee for the trust. Anna Lee Anderson, the wife of Norman Anderson, was the sole beneficiary of the trust.

On May 8, 1980, stock was distributed, in violation of the terms of the trust, from the trust into accounts James Anderson and Anna Lee Anderson held with Dean Witter. The distribution was made pursuant to a letter authorizing the distribution prepared by Ralph Pahnke, an employee of Dean Witter. Subsequent to the distribution of the stock, Dean Witter continued to manage Anna Lee Anderson's account. During the term of Dean Witter's management, the assets held in Anna Lee Anderson's account became worthless.

When Anna Lee Anderson learned of the improper distributions in December 1990, she filed a complaint against Pahnke and Dean Witter on December 6, 1990. She sought damages for breach of contract, tortious interference with contract, breach of fiduciary duty, and negligence. The defendants filed a motion to dismiss on April

15, 1991, alleging that the complaint failed to state a claim pursuant to Rule 12(b)(6) because the proper party did not bring the complaint and that the complaint failed to name the trustee as an indispensable party pursuant to Rules 12(b)(7) and 19.[1] The trial court entered an order dismissing the complaint on September 16, 1991.

## ISSUES

On appeal, Anna Lee Anderson contends her complaint was improperly dismissed because: (1) she was a proper party to bring the suit, and (2) the trustee was not an indispensable party to the action.

## STANDARD OF REVIEW

■ When reviewing a motion to dismiss based on Rule 12(b)(6), an appellate court must accept the material allegations of the complaint as true, and the trial court's ruling should be affirmed only if it clearly appears the complainant can prove no set of facts in support of his or her claims. *Prows v. State*, 822 P.2d 764, 766 (Utah 1991); *Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990). The facts of the complaint are to be liberally construed and the court must consider all the reasonable inferences to be drawn from the facts in a light most favorable to the plaintiff. *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). "Because the propriety of a 12(b)(6) dismissal is a question of law, we give the

trial court's ruling no deference and review it under a correctness standard." *Id.*

## ANALYSIS

The appellees allege that Anna Lee Anderson, as a beneficiary to the trust, was not the proper party to bring suit against them. Therefore, pursuant to Rule 12(b)(6), appellees allege Anna Lee Anderson failed to state a claim because she did not have a nexus with the claim. The trial court agreed and dismissed the complaint, finding the trustee should have brought the suit rather than the beneficiary.

■ Dismissal of a complaint under Rule 12(b)(6) is proper if the plaintiff fails to properly allege standing. *See Ashe Creek Mining Co. v. Lujan*, 969 F.2d 868, 872 (10th Cir.1992); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). Rule 17 provides insight concerning standing to sue in a trust action: "Every action shall be prosecuted in the name of the real party in interest.... [A] trustee of an express trust ... *may* sue in that person's name without joining the party for whose benefit the action is brought." Utah R.Civ.P. 17 (1992) (emphasis added).[2]

■ Although Rule 17 clearly allows the trustee to sue on behalf of the benefi-

---

**1.** After a minute entry dismissing the complaint, but prior to the entry of the order formally dismissing the complaint, Anna Lee Anderson attempted to file a document labeled "Amended Complaint" naming a substituted trustee as a party in the caption of the document. Otherwise the document was identical to the complaint. Accordingly, it was in substance an attempt to substitute a party plaintiff. The trial court granted the motion to dismiss the "Amended Complaint" on September 27, 1991. The order did not state any ground or basis for the ruling but the motion claimed a statute of limitations bar. Although Anna Lee Anderson also appealed the dismissal of the "Amended Complaint," we need not reach that issue because we are reversing the dismissal of the original complaint.

Appellees claim Anderson cannot appeal the original complaint because she was not listed as

a party to the "Amended Complaint." However, because we are not reaching the issues presented in the "Amended Complaint" and subsequent motion to dismiss, and because Anderson is appealing a final order, we find that Anderson properly appealed the dismissal of the original complaint. *See Salt Lake City Corp. v. Layton*, 600 P.2d 538, 539 (Utah 1979).

**2.** Rule 17 seeks to protect the interests of judicial economy and fairness to the parties in litigation. *Kemp v. Murray*, 680 P.2d 758, 760 (Utah 1984). "The reason the defendant has the right to have the cause of action prosecuted by the real party in interest is so that the judgment will preclude any action on the same demand by another and permit the defendant to assert all defenses or counterclaims available against the real owner of the cause." *Id.* (quoting *Shaw v. Jeppson*, 121 Utah 155, 163, 239 P.2d 745, 748 (1952)).

ciary, it does not prevent the beneficiary from suing third parties directly:

It should be noted that the enumerations [e.g., trustee and guardian] are couched in permissive language. The beneficial owner, therefore, is not precluded from suing, nor from joining with the legal title holder, nor from being joined, if the beneficial owner has the right sought to be enforced. Whether he has ... will be determined by *principles of substantive law.*

3A James W. Moore, et al., *Moore's Federal Practice* § 17.12 at 17–118. (2d ed. 1992) (emphasis added) (footnote omitted).[3]

■ Although Utah substantive law is especially sparse in this area, it appears the beneficiary has the right to bring an action against a third party when the beneficiary's interests are hostile to those of the trustee. *Salina Canyon Coal Co. v. Klemm,* 76 Utah 372, 290 P. 161 (1930). Other jurisdictions also allow a beneficiary to sue third parties directly. *E.g., Alioto v. United States,* 593 F.Supp. 1402, 1412 (N.D.Cal.1984) (in action where beneficiary has been damaged by trustee and third party, beneficiary may bring action against third party separately); *Booth v. Security Mut. Life Ins. Co.,* 155 F.Supp. 755, 761 (D.N.J.1957) (where trustee transfers property in breach of trust with assistance of third parties, third parties are primarily liable to the beneficiary, rather than to the trustee; the right of the beneficiary against the third party is a direct right not derived through the trustee); *Hoyle v. Dickinson,* 155 Ariz. 277, 279, 746 P.2d 18, 20 (Ct.App.1987) (trust beneficiary may bring action for damages against third party for breach of trust agreement); *Apollinari v. Johnson,* 104 Mich.App. 673, 305 N.W.2d 565, 567 (1981) (beneficiary may sue third party without joining trustee).

Further, most jurisdictions follow the general rule set out in Restatement (Second) of Trusts § 282 (1976), providing in part:

(1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except as stated in Subsections (2) and (3).

(2) If the trustee improperly refuses or *neglects* to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person.

(Emphasis added.)

■ In the present situation, it is clear from the complaint the beneficiary could prove facts showing she had standing to bring suit against the third parties for the improper distribution of stock. She could show, at the very least, the trustee improperly "neglected" to bring action against the appellees when he waited over ten years after the improper transfer and still did not bring suit. *See Struble v. New Jersey Brewery Employees' Welfare Trust Fund,* 732 F.2d 325, 337 (3rd Cir.1984) (where trustee may sue and wrongfully fails to do so, the beneficiary may sue the party or parties the trustee failed to sue).

We conclude Anna Lee Anderson stated a cause of action against the appellees because she could prove facts showing she had standing as beneficiary to pursue the claim. Therefore, the trial court erred in finding the trustee was the only proper party to bring the action. Because we find that Anna Lee was a proper party to bring suit, we need not reach appellees claim that because the trustee was the only party eligible to bring the action, the trustee should have been named as an indispensable party pursuant to Rule 19 of the Utah Rules of Civil Procedure.

## CONCLUSION

The trial court improperly dismissed Anna Lee Anderson's complaint because it

**3.** Utah Code Ann. § 75–7–402(3)(z) (Supp.1992) also provides that a trustee has the power to "prosecute or defend actions, claims or proceedings for the protection of the trust assets and of the trustee in the performance of his duties." While this statute empowers the trustee to sue on behalf of the beneficiary, it does not preclude Anderson from suing in her capacity as beneficiary.

is clear that she could prove facts showing she has standing to bring claims as a beneficiary against the appellees. Therefore, we reverse the decision of the trial court and remand the case for further proceedings consistent with this opinion.

GARFF and GREENWOOD, JJ., concur.