127 P.3d 156

Reed TAYLOR, Dallan Taylor and R. John Taylor, Plaintiffs–Counter-defendants–Appellants,

v.

Thomas MAILE, IV and Colleen Maile, husband and wife, Thomas Maile Real Estate Company and Berkshire Investments, LLC., Defendants–Counterclaimants–Respondents.

No. 30817.

Supreme Court of Idaho, Boise, May 2005 Term.

Dec. 23, 2005.

Clark & Feeney, Lewiston, Idaho attorneys for appellant. Paul Thomas Clark argued.

Thomas G. Maile, IV, Boise, Idaho, attorney for respondents Colleen Maile and Berkshire Investments, LLC; Gjording & Fouser, PLLC, Boise, Idaho, attorneys for respondent Thomas G. Maile, IV; Anderson, Julian & Hull, Boise, Idaho, attorneys for respondents Thomas G. Maile, IV, and Thomas Maile Real Estate Company. Phillip J. Collaer argued.

JONES, Justice.

Reed Taylor, Dallan Taylor and R. John Taylor (the Taylors) asserted various claims against Thomas G. Maile, IV, his wife Colleen Maile, Thomas Maile Real Estate Company and Berkshire Investments, LLC, (collectively, the Mailes) relating to their dealings with Theodore Johnson, deceased, and the Theodore Johnson Trust (the Trust). The district court granted a Rule 12(b)(6) motion to dismiss, holding that the Taylors lacked standing to assert their claims. We affirm in part and reverse in part.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas G. Maile, IV, is licensed in Idaho as both an attorney and a real estate broker. He provided legal representation to Mr. Johnson for many years, including advising him on the creation and administration of the Trust. The Trust owned approximately forty acres of property near Eagle, Idaho. In May of 2002 a third party offered to buy the forty acres for approximately $400,000. Mr. Maile advised Mr. Johnson to reject this offer, and he did in fact reject it. Two months later, on July 22, Thomas and Colleen Maile submitted an earnest money agreement to purchase the property from the Trust on terms and for a price similar to the rejected offer. Mr. Johnson accepted the offer and executed the agreement on behalf of the Trust on July 25.

Mr. Johnson died before the sale transaction could be closed. Approximately a week after Mr. Johnson's death, the successor trustees, Beth Rogers and Andrew Rogers, closed the sale. The Mailes had formed Berkshire Investments, LLC, and assigned their contract rights to that entity, with the approval of Beth Rogers. The Rogers executed the warranty deed conveying the 40 acres to Berkshire over the objections of the Taylors, who are residual beneficiaries of the Trust. The record does not disclose whether the Rogers conducted any inquiry regarding the circumstances of the sale or the basis for the Taylors' objections, or whether the purchase price was at or near fair market value. The Rogers were not only co-trustees of the Trust, but also beneficiaries of the Trust. The record does not disclose whether they were income beneficiaries or residual beneficiaries. Nor does it disclose whether they sought and obtained court approval for the conveyance pursuant to I.C. § 68–108(b). The Trust took a deed of trust on the property to secure payment of the bulk of the purchase price. Berkshire paid the balance of the purchase price and obtained a release of the trust deed in January of 2004.

The Taylors instituted this action on January 23, 2004. Their complaint asserts three claims—count one alleges that Mr. Maile breached his fiduciary duty as attorney for Mr. Johnson and the Trust, count two alleges Mr. Maile breached his fiduciary duty as the real estate broker representing both parties to the transaction, and count three alleges a negligence claim against Mr. Maile in his capacities as attorney and real estate broker. The Taylors allege that Mr. Maile breached his fiduciary duty to Mr. Johnson and the Trust by, among other things, acquiring the property for less than its fair market value (the Taylors contend the property was worth three times the $400,000 purchase price), failing to disclose his conflict of interest, failing to inform them to seek independent legal counsel, and taking advantage of the fact that Mr. Johnson was of advanced age and known to have terminal cancer. The Taylors allege they were aggrieved of these actions by virtue of their status as residual beneficiaries of the Trust. Mr. Johnson's siblings would receive the income of the Trust during their lifetime and upon their death the corpus would go to the Taylors and other residual beneficiaries. The Taylors allege that the beneficiaries of the Trust were damaged by virtue of the alleged breaches of fiduciary duty and negligence. The Taylors sought compensatory damages of not less than $600,000, disgorgement of profits realized by the defendants upon their sale of the real property, rescission of the transaction, imposition of a constructive trust on the real property, and an order quieting title of the Trust in and to the real property.

In mid-March of 2004, Mr. Maile moved for an order, pursuant to I.R.C.P. 12(b)(6), "dismissing all claims of attorney malpractice" against Mr. Maile on the ground that the Taylors had failed to allege facts "that would give them standing to bring a claim of attorney malpractice against Mr. Maile, because Plaintiffs are not the real party in interest." The other defendants, although not filing a separate motion to dismiss, filed a brief in support of dismissal on standing grounds. The Taylors filed a brief in opposition to the motion, contending that they had standing as residual beneficiaries of the Trust. As authority for their position, the Taylors cited *Anderson v. Dean Witter Reynolds, Inc.*, 841 P.2d 742 (Utah App.

1992). The Taylors highlighted the following language from that decision:

> [I]t appears the beneficiary has the right to bring an action against a third party when the beneficiary's interests are hostile to those of the trustee. *Salina Canyon Coal Co. v. Klemm,* 76 Utah 372, 290 P. 161 (1930). Other jurisdictions also allow a beneficiary to sue third parties directly. *E.g., Alioto v. United States,* 593 F.Supp. 1402, 1412 (N.D.Cal.1984) (in action where beneficiary has been damaged by trustee and third party, beneficiary may bring action against third party separately); *Booth v. Security Mut. Life Ins. Co.,* 155 F.Supp. 755, 761 (D.N.J.1957) (where trustee transfers property in breach of trust with assistance of third parties, third parties are primarily liable to the beneficiary, rather than to the trustee; the right of the beneficiary against the third party is a direct right not derived through the trustee); *Hoyle v. Dickinson,* 155 Ariz. 277, 279, 746 P.2d 18, 20 (Ct.App.1987) (trust beneficiary may bring action for damages against third party for breach of trust agreement); *Apollinari v. Johnson,* 104 Mich.App. 673, 305 N.W.2d 565, 567 (1981) (beneficiary may sue third party without joining trustee).

*Id.* at 745. Mr. Maile, on the other hand, contended that *Harrigfeld v. Hancock,* 140 Idaho 134, 90 P.3d 884 (2004), applied and precluded all of the Taylors' claims.

Oral argument on the dismissal motion was held on April 12, 2004. At the outset of the hearing, the district judge indicated his belief that *Harrigfeld* was controlling, that Mr. Maile, as an attorney, owed no duty to the trust beneficiaries, and that dismissal was likely warranted. Although the parties then argued certain peripheral aspects of the case, such as whether there was any proper dismissal motion before the court with respect to any defendant other than Mr. Maile in his capacity as an attorney, there was little argument submitted with regard to the merits. Much of the proceedings were devoted to the question of whether or not the trustees would be joined as parties. The parties discussed the issue of joining the Trust and how long it might take to get that accomplished. Counsel for the Taylors indicated the earliest it could be done was April 19, that it would probably take longer, and that it was outside of her control. Counsel for Mr. Maile indicated he did not know what a reasonable time was for accomplishment of the joinder. The court indicated that the Taylors had until April 19 to join the trustees and that if joinder was not accomplished by that time, the case would be dismissed on the 20th. As it turned out, the trustees were not joined by the April 19 deadline and the court entered its order dismissing the case on April 23.[1]

---

1. I.R.C.P. 17(a) provides, in pertinent part, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest ..." This Court has stated the following:

> The decision to grant motions under Rule 17(a) rests within the trial court's discretion. In exercising such discretion the trial court should follow the liberal construction given Rule 17(a)—encouraging the granting of motions to amend. The court should also further the policy favoring the just resolution of actions—providing litigants their day in court. *Holmes v. Henderson Oil Co.,* 102 Idaho 214, 628 P.2d 1048 (1981).

> Moreover, Rule 17(a) is designed to prevent forfeiture when determination of the proper party is difficult or when an understandable mistake has been made in selecting the party plaintiff. Nevertheless, if the real party in interest is not joined or substituted within a reasonable time, the trial court should dismiss the suit. What constitutes a reasonable time depends upon the facts of each case. *See* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1555, at 705, 708–09 (1971). In determining a reasonable time, trial courts should consider the good faith of the plaintiff and the prejudice, if any, experienced by the defendant.

*Conda Partnership, Inc. v. MD Construction Co., Inc.,* 115 Idaho 902, 904, 771 P.2d 920, 922 (Ct.App.1989) (two years between objection and motion to substitute correct party was not unreasonable where there was confusion as to proper party and defendant experienced no real prejudice). During the proceedings on the motion to dismiss, the court acknowledged this provision but then went on to grant only seven days in which the Taylors could join the trustees. Although the Taylors did not specifically raise this as an issue, it appears this one week period was unreasonably short where the case had only been pending for three months at the time of dismissal, particularly where the Taylors' counsel indicated that more time might be necessary to accomplish the joinder.

The district court ruled that the case would be dismissed in its entirety "because the residual beneficiaries of the Theodore L. Johnson Trust lack standing to pursue the causes of action against all Defendants." The court indicated that I.R.C.P. 17(a) required joinder of the trustees of the Trust. Neither in the order nor in the proceedings on April 12 did the court address the Taylors' arguments based upon the principles articulated in *Anderson v. Dean Witter Reynolds,* the principal case upon which they relied. After the Taylors filed a timely appeal, the district court amended its order of dismissal to retain counterclaims that the Mailes had asserted against the Taylors.

## II.

### ANALYSIS

### A. Does This Court Have Jurisdiction to Hear The Appeal?

■ As a preliminary matter, it is necessary to consider whether this Court has jurisdiction to consider the appeal since the counterclaims have not been resolved and are still pending. Because the order as amended by the district court did not resolve the substantive issues raised in the Mailes' counterclaims, it was not a final judgment appealable as a matter of right. *Davis v. Peacock,* 133 Idaho 637, 991 P.2d 362 (1999). We have previously held that an order not appealable as a matter of right can, in certain circumstances, be accepted as a permissive appeal of an interlocutory order under Idaho Appellate Rule 12. *Idaho Dept. of Labor v. Sunset Marts, Inc.,* 140 Idaho 207, 91 P.3d 1111 (2004). As in the *Sunset Marts* case, the parties have briefed and argued the issues on appeal, the district court's order involved a controlling question of law as to which there is substantial grounds for difference of opinion, and an immediate appeal may materially advance the orderly resolution of this litigation. Therefore, we treat this appeal as an interlocutory appeal under Idaho Appellate Rule 12.

### B. Standard of Review

■ The district court dismissed the complaint pursuant to I.R.C.P. 12(b)(6). A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Gardner v. Hollifield,* 96 Idaho 609, 611, 533 P.2d 730, 732 (1975). When reviewing a district court's dismissal of a case under I.R.C.P. 12(b)(6), this Court draws all reasonable inferences in favor of the non-moving party. *Young v. City of Ketchum,* 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). After drawing all inferences in favor of the non-moving party, the Court then examines whether a claim for relief has been stated. *Id.* Where a case has been dismissed because of a lack of standing, this Court must examine "whether Plaintiffs have sufficiently alleged the requisite elements of standing in their complaint to survive a 12(b)(6) motion to dismiss." *Id.*

### C. I.R.C.P. 17(a) Does Not Require Dismissal

Mr. Maile's Motion to Dismiss was granted on the grounds that the Taylors lacked standing under I.R.C.P. 17(a) because they were not the real parties in interest. Idaho Rule of Civil Procedure 17(a) provides, in pertinent part:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, personal representative, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in this capacity without joining the party for whose benefit the action is brought; and when a statute of the state of Idaho so provides, an action for the use or benefit of another shall be brought in the name of the state of Idaho.

The district court ruled that the Taylors did not have standing to bring an action against the Mailes because they did not join the trustees as plaintiffs. However, Rule 17(a) does not expressly say that trust beneficiaries are not able to bring a cause of action against a third party.

■ Rule 17(a) actually supports the Taylors' case. The first sentence of the rule states that every action shall be prosecuted in the name of the real party in interest. The second sentence provides authorization for certain fiduciaries to sue on behalf of beneficially interested parties without having to join those parties. This Court has said that, "A real party in interest 'is the person who will be entitled to the benefits of the action if successful, one who is actually and substantially interested in the subject matter.'" *Christensen Family Trust v. Christensen*, 133 Idaho 866, 870, 993 P.2d 1197, 1201 (1999) (contingent beneficiaries, having a mere expectancy, were held not to be real parties in interest because the terms of the trust allowed for its exhaustion before they might receive anything from it.) Here, one set of beneficiaries, the income beneficiaries, will receive only income during their lifetimes, leaving the corpus for the residual beneficiaries. The residual beneficiaries, not the trustees, will suffer the loss, if they prove up their claim that the property was worth $800,000 more than the Mailes paid for it. It is obvious that the residual beneficiaries are substantially interested in the subject matter and the persons entitled to the benefits of the action, if successful.

One of the cases brought to the attention of the district court and this Court by the Taylors in the above-quoted language from *Anderson* is *Salina Canyon Coal Co. v. Klemm*, 76 Utah 372, 290 P. 161 (1930). There, the Utah Supreme Court was considering a provision quite similar to Rule 17(a). The court stated:

Comp. Laws Utah 1917, § 6495, provides:

'Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted. A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust within the meaning of this section.'

It will be noted that the right of certain fiduciaries to sue is an exception to the general mandate that every action must be brought in the name of the real party in interest. The privilege conferred upon the fiduciaries to sue is permissive. Nothing in the statute prohibits the real party in interest from suing in his own name in any proper case.

\* \* \*

The statute gives the beneficiary, who is the real party in interest, the right to sue. . . . All courts hold that a beneficiary under a trust may sue to protect his rights, especially in a case where his interests are hostile to those of the trustee.

*Id.* at 167. Similarly, there is nothing in Rule 17(a) that would deny a trust beneficiary the ability to protect his or her interests, especially where the trustee declines to do so.

### D. *Harrigfeld v. Hancock Is Controlling for Count Three But Not Count One*

The district court erred in determining that *Harrigfeld v. Hancock* controlled and required dismissal of the entire complaint. *Harrigfeld* does require dismissal of count three, the professional malpractice claim, because no attorney-client or broker-client relationship existed between the Taylors and Mr. Maile.

■ The third count of the complaint asserts a professional malpractice claim against Mr. Maile and this count is precluded by the general rule espoused in *Harrigfeld* "that an attorney-client relationship with the plaintiff is a prerequisite for holding the attorney liable for negligence in the performance of legal services." *Id.* at 137, 90 P.3d at 887. Similarly, there is no evidence that Mr. Maile acted as a real estate broker for the Taylors. Since no broker-client relationship existed between the Taylors and Mr. Maile, there is no standing to support the pursuit of a professional malpractice claim against Mr. Maile as broker for the transaction. Since we determine that the complaint can be read as a whole to assert a claim against the Mailes for knowingly taking advantage of an alleged breach of fiduciary duty by the trustees, *Harrigfeld* does not apply to that claim.

The dismissal of count one, insofar as it alleged Mr. Maile had breached a fiduciary duty to the Taylors, was appropriate since there was no allegation or showing that a fiduciary duty existed between Mr. Maile and the Taylors. We have previously recognized that a person may sue an attorney for breach of fiduciary duty even though there is no attorney-client relationship between them, if facts are alleged to show that the defendant assumed a fiduciary duty to the plaintiff. See *Jones v. Runft, Leroy, Coffin & Matthews*, 125 Idaho 607, 613, 873 P.2d 861, 867 (1994). However, count one does not allege that Mr. Maile entered into a fiduciary relationship with, or assumed a fiduciary duty to, the Taylors.

### E. The Taylors Alleged a Claim Sufficient to Survive Dismissal

■ Reading the complaint as we must, drawing all inferences in favor of the Taylors to determine whether facts have been alleged that would support their standing to pursue a claim against the Mailes, it appears that they have done so. The allegations of the complaint, read broadly, are sufficient to support standing to pursue a claim against the Mailes for acquisition of trust property with knowledge of a potential breach of trust by, or conflict of interest on the part of, the trustees.

The analysis of a claim against the Mailes for acquiring property with knowledge of a breach of trust by, or conflict of interest on the part of, the trustees is made pursuant to the legal principles set out in *Anderson*, which the Taylors have contended were applicable, both in district court and on appeal. The complaint alleges that the Mailes took advantage of Mr. Johnson and the Trust by knowingly acquiring the real property at substantially less than its fair market value. The Mailes acquired the property for a purchase price of $400,000 when Mr. Maile had advised the Trust and Mr. Johnson, its trustee, to reject an offer in that amount two months earlier. The complaint does not allege specific misconduct on the part of the trustees but it is reasonable to infer that Mr. Johnson, the initial trustee, was aware of the alleged below market purchase price and that the Rogers, as successors, were aware of the objections of the Taylors to the completion of the sale to the Mailes.

With regard to Mr. Johnson, as trustee of the Trust he had a fiduciary duty to the beneficiaries to observe the same standards in dealing with the trust property as would be observed by a prudent man dealing with the property of another. Idaho Code § 15-7-302. His agreement to transfer the trust property for substantially less than its fair market value would be a violation of that duty. Mr. Johnson died before the sale was closed and the Rogers succeeded him as trustee. There is no indication in the record that the Rogers carefully examined the sale transaction to see whether it was at fair market value or that they were acting with due regard to their obligations as fiduciaries in proceeding with and consummating the sale. Idaho Code § 68-106(b).

It is known that the Rogers were beneficiaries of the Trust, although it is not clear whether they were income beneficiaries or residual beneficiaries. In their brief on appeal, the Mailes note:

> Thus, even now there are classes of beneficiaries with conflicting interests in the administration of the trust. Mr. Johnson's siblings have an interest in seeing that the corpus of the Revocable Trust is invested to provide greater present income rather than protecting the value of the corpus. The beneficiaries with an interest in the corpus are interested in protecting and increasing the value of the corpus.

Where a trustee has an individual interest in the trust that poses a conflict in the exercise of a trust power, such as the power to close a sale of real property, "the power may be exercised only by court authorization ..." Idaho Code § 68-108(b). There is no indication in the record that the Rogers obtained court approval for the sale and one could reasonably infer that they did not, since the sale occurred just one week after Mr. Johnson's death.

The Taylors appear to have attempted to get the Rogers to pursue action against the Mailes, as evidenced by a letter written to the Taylors' attorney by the Rogers on July

22, 2003. That letter states, in pertinent part:

Andy and I, acting as the trustees of the Theodore L. Johnson Trust, wish to withdraw from all proceedings of the law firm of Clark and Feeney against Thomas G. Maile, Colleen Maile, and Berkshire Investments, LLC. It is our judgement that this suit has not the merit to benefit the trust. We desire to let the purchase of the Linder property proceed as in the current contract with Maile/Berkshire Development until said property is paid off in full.

We know we have a fiduciary duty to the beneficiaries of the trust to act in their best behalf, but we also feel we have a moral obligation to follow Uncle Ted's wishes in the way in which he entrusted us to do.

In a case somewhat analogous, the Idaho Court of Appeals pointed out that the trustee "owes a duty to the beneficiary to administer the trust in the interest of the beneficiaries alone, and to exclude from consideration his own advantages and the welfare of third persons. This duty is the called the duty of loyalty." *Edwards v. Edwards*, 122 Idaho 963, 969, 842 P.2d 299, 305 (Ct.App.1992). The court went on to say:

"Furthermore, the Uniform Trustees' Powers Act specifically provides that if the fiduciary duty of the trustee and his individual interest conflict in the exercise of a trust power, the power may be exercised *only* by court authorization. I.C. § 68–108(b)." (emphasis in original)

The defendant in the *Edwards* case admitted he had not obtained judicial authorization to sell trust property but suggested that the conflict of interest should be exempted from his duty of loyalty by virtue of the fact that he was carrying out the presumptive intent of the trust settlor. *Id.* at 970, 842 P.2d at 306. The Court of Appeals disagreed. The Rogers make a similar argument in their letter to Taylors' counsel. Here, as in the *Edwards* case, no exemption from the trust responsibility is available.

One can reasonably infer that the Rogers did not carry out their fiduciary responsibility (1) by failing to carefully examine the fairness and propriety of the transaction before closing it, (2) by failing to obtain court approval for the sale (necessitated by their conflicted roles), and (3) by refusing to seek remedial action against the Mailes when it was brought to their attention that they may have taken advantage of the Trust. And, as mentioned above, it can reasonably be inferred, based on the allegations of the complaint, that Mr. Johnson knowingly agreed to dispose of the Trust property at substantially less than its fair market value.

This Court has recognized a trust beneficiary's right to pursue redress where trust property has wrongfully made its way into the hands of a third party. In *Zohos v. Marefolos*, 48 Idaho 291, 294, 281 P. 1114, 1115 (1929), the Court said:

'Whenever property in its original state and form has once been impressed with the character of a trust, no subsequent change of such state and form can divest it of its trust character, so long as it is capable of clear identification; *and the beneficiary of the trust may pursue and reclaim it in whatever form he may find it*, unless it has passed into the possession of a *bona fide* purchaser without notice.' (emphasis in original)

In *Kite v. Eckley*, 48 Idaho 454, 460, 282 P. 868, 870 (1929), the Court stated: "A beneficiary of a trust may follow and recover a trust fund as long as it can be identified either in its original or substituted form, providing it has not passed into the hands of a bona fide purchaser for value without notice." In a later case, *Jones v. State*, 91 Idaho 823, 828, 432 P.2d 420, 425 (1967), the court appeared to indicate that Rule 17(a) required an action for trespass on trust property to be pursued by the trustee, rather than the beneficiary, holding that where the statute of limitations bound the trustee, it also bound minor beneficiaries and precluded them from pursuing the claim. However, the court recognized an exception where the trustee participates in a breach of trust or fails to represent the interests of the beneficiary. Following that case, this Court stated in *Brixey v. Hoffman*, 101 Idaho 215, 218–19, 611 P.2d 1000, 1003–04:

The general rule in trusts is that a third person who 'has notice that the trustee is

committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust.' Restatement (Second) of Trusts, § 326 (1969); *see LaHue v. Keystone Investment Co.,* 6 Wash.App. 765, 496 P.2d 343 (1972); 4 A. Scott, The Law of Trusts, § 326.5 (1967).

Here, the Mailes are alleged to have known all of the facts because of Mr. Maile's position as attorney and realtor for both parties and purchaser of the property. Under the allegations, he and his associates could not be considered bona fide purchasers for value. The remedy provided for under the foregoing authorities is imposition of a constructive trust or, if that is not available, recovery of the proceeds from the sale of the property. In *Fenton v. King Hill Irr. Dist.,* 67 Idaho 456, 466–67, 186 P.2d 477, 483 (1947), the Court said "Where a fiduciary wrongfully transfers to a third person property which he holds as fiduciary, the third person is chargeable as constructive trustee of the property unless he is a bona fide purchaser." According to the Restatement of Trusts:

(1) Where the trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust, the transferee can be compelled,

(a) if he has not disposed of the property, to restore it to the trust, together with the income which he has received from the property; or

(b) if he has disposed of the property, to pay the proceeds of the sale with the income received from the property and from the proceeds, or the amount of the proceeds with interest thereon and with any income which he received from the property before he sold it, or to pay the value of the property at the time of the decree with the income received from the property; or

(c) if he received the property with knowledge of the breach of trust, to pay its value at the time when he received it with interest thereon; and if with knowledge of the breach of trust he refused to restore the property to the trust, to pay its value at the time of such refusal with interest thereon; and if with knowledge of the

breach of trust he disposed of the property, to pay its value at the time he disposed of it with interest thereon.

Restatement (2d) of Trusts, § 291.

The authorities indicate that the beneficiaries may pursue either the trustee, or the transferee of the property, or both. According to the Restatement, "If the trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser, the beneficiary can join the trustee and the transferee as co-defendants in a single suit, or he can sue the trustee alone, or if the trustee cannot be subjected to the jurisdiction of the court he can sue the transferee alone." Restatement (2d) of Trusts, § 295, Comment A. The constructive trust alternative is explained as follows in the *Salina Canyon Coal Co.* case:

A constructive trust, or as frequently called an involuntary trust, is a fiction of equity, devised to the end that the equitable remedies available against a conventional fiduciary may be available under the same name and processes against one who through fraud or mistake or by any means ex maleficio acquires property of another.

*Id.* at 167. *See,* also, *Gillespie v. Seymour,* 14 Kan.App.2d 563, 796 P.2d 1060, 1065 (1990) ("if the trustee fails or refuses to act, the beneficiary can sue the third party." quoting *Ehret v. Ichioka,* 247 Cal.App.2d 637, 645, 55 Cal.Rptr. 869 (1967)).

The district court erred in dismissing the complaint in its entirety. Read broadly, it sufficiently alleged a claim against the Mailes for relief, including imposition of a constructive trust, for aiding the trustees in disposing of trust property in violation of their fiduciary responsibilities and receiving the property with knowledge of the same. The dismissal of the complaint, insofar as it pertains to this claim, must therefore be reversed.

### F. Count Two Was Properly Dismissed

The district court dismissed count two, which alleged a claim against Mr. Maile for breach of fiduciary duty as a real estate broker, on the strength of *Harrigfeld.* While *Harrigfeld* is not directly on point, the basic premise is the same. The Taylors did not

engage Mr. Maile as broker and, therefore, no client-broker relationship existed to support the professional malpractice claim in count two. The Taylors are not able to make a claim against Mr. Maile under count two for breach of an assumed fiduciary duty because there was no allegation of an assumed duty. In any event, the Legislature has essentially inoculated real estate brokers against such claims by virtue of Idaho Code § 54-2094. That statute provides, in pertinent part: "unless greater duties are specifically agreed to in writing between the brokerage and a represented client, the duties and obligations owed to a represented client in a regulated real estate transaction are not fiduciary in nature ..." This count was properly dismissed.

## III.

### CONCLUSION

The Taylors' complaint is sufficient to support their standing to pursue a claim against the Mailes for obtaining trust property with knowledge of (and participation in) acts of impropriety on the part of the trustees. Therefore, the district court erred in dismissing the complaint in its entirety and we reverse with respect to this claim. The district court properly dismissed counts two and three of the complaint, as well as count one insofar as it asserted a claim for breach of fiduciary duty directly against Mr. Maile, and we affirm such dismissal. The case is remanded for further proceedings on the trust-based claim. No fees are awarded on appeal. Costs are awarded to the Taylors.

Chief Justice SCHROEDER, Justices TROUT, EISMANN and BURDICK concur.

