# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No.47427

| | | |
|---|---|---|
| THE ESTATE OF JEANNE H. DAVIS, deceased | ) | |
| ------------------------------------------------------- | ) | |
| | ) | **Boise, June 2020 Term** |
| GREG DAVIS, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **Opinion Filed: July 30, 2020** |
| | ) | |
| v. | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| JOHN (JACK) DAVIS, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRINDA DAVID BELL and THE ESTATE OF JEANNE H. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Robert C. Naftz, District Judge. Scott E. Axline, Magistrate Judge.

The decision of the district court is affirmed.

Beard St. Claim Gaffney PA, Idaho Falls, attorney for Appellant John (Jack) Davis. Jeffrey Brunson argued.

Maguire Law, PC, Pocatello, attorney for Respondent Greg Davis. David Maguire argued.

---

BEVAN, Justice

## I. NATURE OF THE CASE

This appeal involves a challenge to the administration of a trust. It arises from a district court sitting in its intermediate appellate capacity. In 1996, Jack K. Davis ("Jack Sr.") and Jeanne

1

H. Davis created the Davis Family Trust ("Trust"), of which they were the grantors, trustees, and primary beneficiaries. The Trust was revocable until either Jack Sr. or Jeanne died, at which time it would become irrevocable. Upon the death of the surviving grantor, the Trust would terminate and the property would be divided equally among Jack Sr. and Jeanne's three children: John (Jack) Davis ("Jack"), Greg Davis, and Drinda Ann Bell. The Trust became irrevocable in 2003 when Jack Sr. died. Nearly thirteen years later, Greg initiated these proceedings by filing a complaint against his mother Jeanne, and his siblings Jack and Drinda. The complaint demanded: (1) an accounting and removal of trustees; (2) an order enjoining the expenditure of any funds; and (3) the appointment of a receiver. The magistrate court denied Greg's motion to compel an accounting, finding that Greg and his siblings were "contingent residual beneficiaries" who did not have any rights relative to the Trust until Jeanne's death. On intermediate appeal the district court reversed, holding the magistrate court failed to give due consideration to the distinction between revocable and irrevocable trusts. The district court held Greg's rights vested at the time the Trust became irrevocable when Jack Sr. died in 2003. The district court remanded the case for further proceedings. Jack filed a timely notice of appeal to this Court. We affirm the district court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 1996, Jack Sr. and Jeanne created the Trust. Along with being the grantors, Jack Sr. and Jeanne were the trustees and the primary beneficiaries of the Trust. As to distributions of income and principal, the Trust provided:

> During Grantors' lives, the Trustees shall hold, manage, invest and reinvest the trust estate, collect the income therefrom and pay to Grantors, or the survivor of them, all, none or such part of the net income and principal of the trust estate as the Trustees may determine to be necessary for their medical care, maintenance, support and reasonable comfort in their accustomed manner of living.
>
> Upon the death of the Grantor who dies first, the surviving Grantor shall not expend from the Trust amounts exceeding $5,000 without first obtaining the written consent of at least two of Grantor's three children.

The Trust was revocable until the death of one of the grantors, at which time it became irrevocable. After the death of the survivor of the grantors, the Trust would terminate and the property would be divided equally among Jack Sr. and Jeanne's three children: Jack, Greg, and Drinda, except for a provision for $40,000 previously given to Jack. If there was a vacancy in the office of trustee, the Trust provided that Greg would serve as the substitute trustee.

2

In March 2000, the Trust was amended in three ways: first, to increase the amount of permissible expenditures from $5,000 to $10,000; second, the reference to the $40,000 previously given to Jack was deleted; third, Jack replaced Greg as the substitute trustee. The parties do not contest the validity of the Trust or its amendment. The Trust became irrevocable upon Jack Sr.'s death on July 11, 2003 and Jack became a substitute trustee.

On April 13, 2016, Greg filed a complaint against Jeanne, Jack, and Drinda, demanding an accounting and removal of trustees, an order enjoining the expenditure of any funds, and an appointment of a receiver. Greg alleged malfeasance against Jeanne and Jack as trustees in the time since his father passed away in 2003. At the time Greg initiated proceedings, Jack was incarcerated and Jeanne was in her early nineties. Greg testified he brought suit after he received inadequate responses to several letters he sent to Jack and Jeanne about their management of the Trust and the status of Trust assets.

On November 1, 2016, Jeanne unexpectedly passed away[1]. By order of the court, Greg filed an amended complaint on February 7, 2017, which included the estate of Jeanne H. Davis ("Estate") as a defendant and claimed jurisdiction under Idaho's Trust and Estate Dispute Resolution Act. The amended complaint also added causes of action on top of the three already plead, claiming: violation of Idaho's statutory Duties and Liabilities of Trustees (Idaho Code section 15-7-301–308); that Jack violated Idaho's Uniform Fiduciaries Law (Idaho Code section 68-301–315; and Idaho's Uniform Prudent Investor Act (Idaho Code section 68-501–514). After a hearing in March 2017, the magistrate court ordered that Jack be removed as trustee and an alternate third party be appointed. The court appointed Eric Olsen of the law firm EchoHawk and Olsen, PLLC as the substitute trustee. In May 2017, Greg filed a discovery motion and moved to compel Jack to provide an accounting to the beneficiaries of the Trust. Jack objected and filed a motion for a protective order.

In December 2017, the magistrate court entered a minute entry and order denying Greg's motions and granting Jack's motion for a protective order. The court determined that the children were contingent residual beneficiaries. Thus, none of them, including Greg, had any rights relative to the Trust before the death of the last grantor, Jeanne. The court held that Greg's rights began and vested only upon Jeanne's death. As a result, Greg was not entitled to an accounting from Jack

---

[1] A probate case was filed in Bannock County and consolidated with Greg's case in September 2017.

regarding transactions before the death of Jeanne. The court likewise denied Greg's discovery motion. Greg moved to reconsider, which the magistrate court denied.

In January 2018, Greg filed a new complaint in the estate case (which had been consolidated with Greg's previous case). This complaint sought to order Jack to return funds from a Wells Fargo account to the Estate of Jeanne H. Davis, or the Trust. On July 17, 2018, Olsen submitted a final accounting and proposed distributions. On September 4, 2018, the magistrate court entered an order approving Olsen's final accounting. The magistrate court also entered a judgment. The court directed Olsen to deliver and distribute title and possession of the Trust and Estate assets to Jack, Greg, and Drinda. The court also dismissed Greg's latest complaint for return of the Wells Fargo funds with prejudice, determining it was moot based on the ordered distribution. The magistrate court declined to award attorney fees.

Greg filed a notice of appeal to the district court. Greg raised seven issues in the appeal, which were listed in his brief as follows:

I. The property in the trust was not the "community property" of Jeanne. When Jack Sr. died in 2003 the trust became irrevocable and the assets in the Trust became Trust property subject to the limitations of the trust document and Idaho statutory requirements.

II. Jack owed Greg a fiduciary duty as a beneficiary of the trust, not only pursuant to the terms of the trust, but also pursuant to Idaho trust law;

III. Jack had an obligation to spend money in accordance with the ascertainable standard, or "HEMS Standard" [health, education, maintenance, and support] as it is sometimes called, for the benefit of Jeanne and no other person;

IV. Jack owed an obligation to the court to make an application for the expenditure of any funds in which he was self-dealing;

V. Jack was required to maintain annual records of account in accordance with the trust requirements and pursuant to statute. These should be immediately available for inspection by the beneficiaries;

VI. The current trustee, Eric Olsen, should be required to compel an accounting from the former trustee, Jack, pursuant to his responsibilities as a trustee in accordance with Idaho Trust Law; and

4

VII.     In the event that the current Trustee is unwilling to demand an accounting with respect to Jack's tenure as Trustee, Greg as a beneficiary should have the right to demand an accounting in accordance with the trust instrument itself and in accordance with Idaho law.

Despite this comprehensive list of issues argued by Greg in his briefing to the district court, that court entered its memorandum decision and order solely addressing Greg's right to an accounting. The district court reversed the magistrate court and held the magistrate court failed to give due consideration to the distinction between revocable and irrevocable trusts. The district court determined that Greg's rights vested when the Trust became irrevocable, which occurred upon Jack Sr.'s death in 2003. Jack moved for rehearing, which was denied. Jack filed a timely notice of appeal to this Court.

### III. ISSUES ON APPEAL

**1.** Did the district court err in reversing the magistrate court's decision?

**2.** Did Greg preserve his additional issues for appeal?

**3.** Is either party entitled to attorney fees and costs on appeal?

### IV. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

Thus, this Court does not review the decision of the magistrate court. Rather, we are procedurally bound to affirm or reverse the decisions of the district court.

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013) (citations and internal quotations omitted).

When reviewing a trust, this Court must determine a settlor's intent. *Carl H. Christensen Family Tr. v. Christensen*, 133 Idaho 866, 873, 993 P.2d 1197, 1204 (1999). We construe a trust instrument as a whole, considering all parts in light of the entire instrument. *Id.* The Court's primary objective is to discover the intent of the parties through viewing the document in its

5

entirety. When a document is clear and unambiguous, interpretation of its meaning is a question of law. *Id*. (citation omitted).

## V. ANALYSIS

### A. The district court decision is affirmed.

The parties do not contest the validity of the Trust or that it applies to the issues revolving around Jack Sr. and Jeanne's property. The sole issue identified by the district court was whether Greg, as a beneficiary of the Trust, had a right to demand an accounting of the Trust transactions that occurred prior to the passing of the last grantor, Jeanne. Relying mainly on *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 993 P.2d 1197 (1999), Jack argues the district court erred in rejecting the magistrate court's determination that Greg, Jack, and Drinda were contingent residual beneficiaries who did not have any rights relative to the Trust before the death of the last grantor, Jeanne.

In *Christensen*, Carl and Lenna created a revocable living trust in which Carl and Lenna were both designated as "trustee." *Id*. at 868, 993 P.2d at 1199. Two of their children were named as successor trustees if both grantors resigned or stopped acting as trustee. *Id*. During the grantors' lifetimes the trustee was to pay the income of the trust to Carl and Lenna. After the death of either grantor, the trust would become irrevocable and the trustee was to manage the trust to benefit the surviving spouse. *Id*. After the deaths of both Carl and Lenna the trust would terminate and the assets would be distributed, with the first $100,000 going to a Missionary Trust for Carl and Lenna's descendants, and the remaining residue to be divided among Carl and Lenna's seven children. *Id*.

After the trust was established, and after Carl was "gravely afflicted with Alzheimer's disease," Lenna signed an agreement in which she sold the family farm to a son and the family dentist. *Id*. at 869, 993 P.2d at 1200. Lenna had doubts about the sale after closing and filed a complaint to rescind the contract. Five of the children joined as co-plaintiffs to the action in their capacities as "third party beneficiaries" of the trust. *Id*. The district court dismissed the children from the case, and without deciding whether Carl was competent as a trustee to bind the trust, concluded that Lenna could perform the duties of trustee by herself; therefore, the contract and deeds were valid. *Id*. at 870, 993 P.2d at 1201. On appeal, this Court concluded the district court correctly dismissed the children as co-plaintiffs because they were not the real parties in interest under Idaho Rule of Civil Procedure 17(a). *Id*. The Court held "[t]he contingent interest of the co-

6

plaintiffs does not make them actually and substantially interested in the subject matter." *Id.* (internal quotation omitted). The Court recognized the children would only have an interest in the trust if: "(1) Carl and Lenna [did] not exhaust the trust corpus during their lifetimes, and (2) funds remain[ed] after the $100,000 [was] distributed to the Missionary Trust." *Id.* Because the children only had a mere expectancy, the court held they would not be entitled to the benefits of a successful suit. *Id.*

Consistent with the holding in *Christensen*, the magistrate court held that Greg was not entitled to an accounting from the Trust for any transactions before Jeanne's death because Greg and the other children only had a "mere expectancy" interest in the Trust. The magistrate court found it important that the Trust included no language suggesting that the trustees must protect the interests of the contingent residential beneficiaries – the three children – or even the corpus of the Trust. The magistrate court explained that if Jack Sr. or Jeanne had exhausted all the property in the Trust, which they had every right to do, the children would receive nothing. It was only upon the contingency that there was something left at the time of the last grantor's death that the children would receive anything.

On intermediate appeal, the district court reversed the magistrate court. It found *Christensen* to be distinguishable because there, both grantors were still alive at the time of the sale of the farm. As a result, the trust was still revocable during litigation and the children's rights had not vested. *See Christensen*, 133 Idaho at 870–71, 993 P.2d at 1201–02. Noting the different facts here, the district court held Greg's rights vested when the Trust became irrevocable after Jack Sr.'s death in 2003. The district court also held that its decision aligned with this Court's acknowledgement that even a residual beneficiary of a trust may have a sufficient interest to complain about actions that jeopardize its corpus. *Taylor v. Maile*, 142 Idaho 253, 258, 127 P.3d 156, 161 (2005); *Beaudoin v. Davidson Tr. Co.*, 151 Idaho 701, 705, 263 P.3d 755, 759 (2011).

Jack contends the district court erroneously distinguished the *Christensen* Court's analysis of the "mere expectancy" of the remainder beneficiaries by relying on its assumption the trust was revocable when the purchase agreement was executed. Jack maintains that like the contingent beneficiaries in *Christensen*, Greg and his siblings were entitled to an interest in the Trust only if Jeanne did not exhaust the trust corpus during her lifetime. Jack's argument is misplaced.

We hold the district court properly distinguished *Christensen*. Like the Trust here, the Christensen Family Trust was created as a revocable living trust which, after the death of either

7

grantor "would become irrevocable and the Trustee was to manage the trust to benefit the surviving spouse." 133 Idaho at 868, 993 P.2d at 1199. But *Christensen* is clear that both grantors were still alive at the time of the litigation and the trust was being managed for both Lenna and Carl as beneficiaries. Thus, by its terms the trust was still revocable. *See id.* ("After the death of either Grantor, the Family Trust would become irrevocable . . ."). Like the Trust in *Christensen*, the Davis Trust anticipated primary beneficiaries, Jack Sr. and Jeanne, along with a secondary group of beneficiaries, their children. But unlike *Christensen*, the Davis Trust became irrevocable when Jack Sr. died, thirteen years before this litigation had begun. The Trust became irrevocable when Jack Sr. passed away in 2003. Once the Trust became irrevocable, the secondary group of beneficiaries, Greg, Jack, and Drinda, had rights to expect the trustee was acting pursuant to the Trust terms. *See Taylor*, 142 Idaho at 258, 127 P.3d at 161 (a residual beneficiary of a trust may have sufficient interest to complain about actions that jeopardize its corpus.).

Aside from the standards applicable to irrevocable trusts, the district court properly recognized it was also necessary to consider Idaho's statutes governing the trustee/beneficiary relationship. Under Idaho law, "[a] trustee is a [person] who is the owner of the property and deals with it as principal, as owner and as master, subject only to an equitable obligation to account to some person to whom [the trustee] stands in the relation of trustee, who are his [beneficiaries]." *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 745, 215 P.3d 457, 465 (2009) (citation omitted). A trustee has a fiduciary duty to the beneficiaries to observe the same standards in dealing with the trust property as would be observed by a prudent person dealing with the property of another. I.C. § 15-7-302. As a result, Jack, as trustee, owed the beneficiaries of the Trust, including Greg, a fiduciary duty.

The district court also recognized the statutory obligation a trustee has to keep the beneficiaries of the trust reasonably informed of the trust and its administration. I.C. § 15-7-303. This principle is reinforced by the Restatement (Second) of Trusts:

> The trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust.

Restatement (Second) of Trusts § 173 (1959). A beneficiary "as it relates to trust beneficiaries," is broadly defined to include "a person who has any present or future interest, vested or contingent,

8

and also includes the owner of an interest by assignment or other transfer and as it relates to a charitable trust, includes any person entitled to enforce the trust." I.C. § 15-1-201.

Thus, the Idaho Probate Code grants beneficiaries, contingent or otherwise, "with any present or future interest," the right to initiate a legal action against a malfeasant trustee. *See Estate of Cornell v. Johnson*, 159 Idaho 778, 782, 367 P.3d 173, 177 (2016) ("[A] beneficiary has a property interest in the trust res that is enforceable either in law or in equity."). The district court properly rejected the magistrate court's conclusion that Greg was a contingent residual beneficiary who did not have any rights relative to the Trust before the death of the last grantor, Jeanne. That Jeanne could have depleted the trust corpus before Greg received anything does not alter his status as a beneficiary. We affirm the district court's decision that Greg's rights vested when the Trust became irrevocable and hold that Greg is entitled to an accounting of the Trust on remand.

**B.     The district court must address Greg's additional issues before the case is remanded to the magistrate court.**

Greg argues that although the district court correctly decided one issue in his favor, it failed to address other important issues raised at both the magistrate and district court levels. As noted above, Greg raised seven wide-ranging issues in his appeal from the magistrate court's decision to the district court. Greg also claims that the district court failed to address an alleged ambiguity in section 2.02 of the Trust. Greg asks us to consider these issues on appeal before the case can be remanded to the magistrate court.

As noted, Greg received a narrow ruling from the district court despite the expansive nature of the issues he raised in that forum. The district court remanded the case with instructions for the magistrate court to "determine whether [Greg] is entitled to an accounting of the Davis Family Trust transactions occurring before the passing of the last Grantor, in light of [Greg's] status as a vested beneficiary and in consideration of the Idaho Probate Code." The district court did not rule on any of the other issues Greg appealed from the magistrate court's decision. It was incumbent on the district court to address all of the issues raised before it. It is not appropriate for this Court, for the first time on appeal, to address issues the district court failed to rule on. *See Herrera v. Estay*, 146 Idaho 674, 681, 201 P.3d 647, 654 (2009) (remanding the case so that the district court could address second theory of negligence it failed to rule on). As such, we direct the district court to consider the additional issues Greg raised on appeal before the case is remanded to the magistrate court.

**C.      Neither party is entitled to attorney fees and costs on appeal.**

Jack requests attorney fees under Idaho Code section 15-8-208, Idaho Code section 12-121, and Idaho Appellate Rules 40 and 41. Jack is not the prevailing party on appeal, thus, he has no right to attorney fees.

Greg has not explicitly requested attorney fees on appeal, noting that the trial court must make a final decision and make a determination of the prevailing party before that court may award attorney fees. Still, Greg notes that Idaho Code section 15-8-208 authorizes an award of attorney fees for proceedings governed by the Trust and Estate Dispute Resolution Act (TEDRA). *See* I.C. §§ 15-8-101 to 15-8-305. While acknowledging this authority, we continue to adhere to the principle that an award of attorney fees under section 15-8-208 would be improper at this point because Greg's claims against Jack must be resolved on remand before the prevailing party can be determined. *See Frizzell v. DeYoung*, 163 Idaho 473, 480, 415 P.3d 341, 348 (2018) (an award of attorney fees is improper on appeal when it is not yet clear who the prevailing party will be.). Once a final judgment is entered, the lower court may determine which party has prevailed and whether the prevailing party is entitled to attorney fees related to this appeal. *Id.*; *see also Wolford v. Montee*, 161 Idaho 432, 443, 387 P.3d 100, 111 (2016).

## VI. CONCLUSION

We affirm the district court's decision but remand the case to the district court with instructions to address the additional issues Greg appealed from the magistrate court's decision. Costs are awarded to Greg on appeal.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.