# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37828

| | | |
|---|---|---|
| VIRGINIA R. BEAUDOIN, | ) | |
| | ) | Coeur D'Alene, September 2011 |
| Plaintiff-Appellant, | ) | Term |
| | ) | |
| v. | ) | 2011 Opinion No. 102 |
| | ) | |
| DAVIDSON TRUST COMPANY, | ) | Filed: November 1, 2011 |
| | ) | |
| Defendant-Respondent. | ) | Stephen W. Kenyon, Clerk |
| _____ | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. The Honorable Carl B. Kerrick, District Judge.

The judgment of the district court is affirmed.

John C. Mitchell, Lewiston, for appellant.

Randall Danskin, P.S., Spokane, Washington, for respondent. Keith D. Brown argued.

_____

J. JONES, Justice

This is an appeal from a summary judgment dismissing Virginia Beaudoin's breach of fiduciary duty claim against Davidson Trust Company, which stemmed from Davidson Trust's mistaken distribution of trust funds to Beaudoin when Beaudoin's two children were, in fact, the designated beneficiaries. Because we find that Davidson Trust owed Beaudoin no fiduciary duty at the time of the alleged breach, we affirm.

## I.
## FACTUAL AND PROCEDURAL HISTORY

Virginia Beaudoin's mother, Geraldine Schneider, was trustor and Davidson Trust Company was trustee of a May 9, 1996 trust instrument entitled "2nd Amended And Restated Geraldine M. Schneider Revocable Living Trust." Upon Ms. Schneider's death, the trust property was to be divided into two equal shares for the lifetime use of her two daughters, Beaudoin and Margaret Van Dyke. Beaudoin's share was to be held in trust for her lifetime benefit, remainder to

1

her appointee or estate. Van Dyke's share was also to be held in trust for her lifetime benefit,[1] remainder to "the surviving issue by right of representation of [Beaudoin]." The trust further provided that "[i]n the event that [Beaudoin's] issue are not surviving then to [Beaudoin]."

Beaudoin was admittedly knowledgeable about the trust provisions and was present when her mother gave instructions to her lawyer to amend the trust to name Beaudoin's children the remainder beneficiaries of Van Dyke's share. Beaudoin was also appointed Advisor to the Trust pursuant to the 1996 trust instrument, and Davidson Trust was required to obtain her consent regarding investment strategy, discretionary payments, loans, and in determining whether and when Schneider was incapable of handling her own affairs. Ms. Schneider also gave Beaudoin a durable power of attorney and, beginning in 1999, when Ms. Schneider was determined incompetent, Beaudoin used that authority to make annual gifts from the trust to herself, her sister, and her immediate family.

Schneider died on March 10, 2004, and by October 2006, Beaudoin had withdrawn her entire $374,346.87 share of the trust principal. Van Dyke died on March 30, 2007. At that time, Beaudoin had two children—Brooks and Brianna—whose contingent interest in Van Dyke's share vested, according to the trust, upon their survival of Van Dyke. However, Beaudoin spoke to a trust assistant for Davidson Trust, Jan Shelby, on March 31, 2007, and was allegedly told that she was the beneficiary of the remainder of Van Dyke's share. Although the parties' affidavits conflict on what exactly was said during that conversation, Beaudoin admitted in her deposition that she knew at the time that the children were the proper beneficiaries but thought it was Davidson Trust's duty to find that fact out.[2]

Beaudoin later consulted with Scott Baldwin, her financial advisor at D.A. Davidson & Co., about whether she could retire from her job as a cosmetologist based on the additional trust distribution, and he suggested a meeting with the trustee. Around the second week of April 2007, Beaudoin put in her notice of retirement at her workplace and worked her last day during the last week of April 2007. That same week, subsequent to her last day of work, Beaudoin and Baldwin met with J. Todd Edmonds—a vice president, trust officer, and branch manager of Davidson

---

[1] However, while Beaudoin's interest in her share was unrestricted, Van Dyke's was limited to income distributions.
[2] Beaudoin also called her son, Brooks, to inform him about the death, and she told him at that time that she thought he was a beneficiary but Davidson Trust was telling her differently.

Trust—to discuss Beaudoin's retirement plans, and it was decided that she could retire.[3] Davidson Trust thereafter made a partial distribution of the trust funds into one of Beaudoin's accounts. Beaudoin asserted that based on Davidson Trust's conduct, she retired, sold all her business supplies and inventory, booked a non-refundable vacation, took distributions from her account, and made monetary gifts to her children.

When the mistake was discovered, Beaudoin sued Davidson Trust, claiming breach of fiduciary duty, negligent representation, and infliction of emotional distress. She claimed damages for the costs she allegedly incurred in reliance on the mistaken designation. The district court granted summary judgment to Davidson Trust on all of Beaudoin's claims, finding in regard to the fiduciary duty claim—the only finding appealed—that no fiduciary relationship existed between the parties at the time of the alleged breach. The court reasoned:

> Prior to Margaret's death, Beaudoin had exhausted her share of the Schneider Trust in 2006, thus, her status as a beneficiary ended at that time. Further, any remote contingent interest she may have held in Margaret's share ceased upon Margaret's death, when Brooks and Brianna's status as beneficiaries became fixed.

The court further found that Beaudoin showed no legal support for her claim that Davidson Trust assumed a fiduciary duty by treating her as if she was the designated beneficiary. Beaudoin timely appealed from the district court's final judgment.

## II.
## ISSUES ON APPEAL

I.      Whether the district court erred in granting summary judgment on the basis that no fiduciary duty is owed to a contingent beneficiary after the contingency has failed to occur?

II.     Whether the district court erred in granting summary judgment on the basis that no fiduciary duty was assumed by Davidson Trust in this case?

III.    Whether any fiduciary duty that Davidson Trust owed Beaudoin was breached?

## III.
## DISCUSSION

### A.      Standard of Review

"This Court reviews a motion for summary judgment pursuant to the same standards as the district court." *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064,

---

[3] However, Beaudoin stated in her deposition that Edmonds did not indicate at that meeting that he had read the trust instrument himself or that he had concluded she was indeed the beneficiary. She did not inform Edmonds of her doubts regarding her status as beneficiary at the meeting.

1066 (2008). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). "[A]ll reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmoving party," and disputed facts will be liberally construed in favor of the nonmoving party. *Mackay*, 145 Idaho at 410, 179 P.3d at 1066. "Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* This Court reviews questions of law *de novo*. *Martin v. Camas County ex rel. Bd. of Comm'rs,* 150 Idaho 508, 511, 248 P.3d 1243, 1246 (2011).

**B. The district court did not err in granting summary judgment on Beaudoin's fiduciary duty claim because no fiduciary duty is owed to a contingent beneficiary once the contingency has failed to occur.**

On appeal, Beaudoin first argues that although her status as lifetime beneficiary ended when she exhausted her trust share in October 2006, she remained a contingent beneficiary of her sister's share under the terms of the trust. Although she cites little legal support for her theory, she argues that as a contingent beneficiary, she was owed a fiduciary duty that survived Van Dyke's death and continued until her children actually accepted the trust distribution and the trust was terminated. Davidson Trust responds that even if a fiduciary duty was owed to Beaudoin after she exhausted her share, it terminated upon Van Dyke's death and, thus, no duty was owed at the time of the alleged breach.

Although we have held that a trustee indeed owes some fiduciary duty to a contingent beneficiary, Beaudoin's status as a contingent beneficiary was eliminated upon Van Dyke's death and, thus, no fiduciary duty was owed at the time of the alleged breach. To establish a claim for breach of fiduciary duty, the plaintiff must first establish that a fiduciary relationship existed at the time of the breach. *Sorensen v. St. Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idaho 754, 760, 118 P.3d 86, 92 (2005); *Podolan v. Idaho Legal Aid Services, Inc.*, 123 Idaho 937, 946, 854 P.2d 280, 289 (Ct. App. 1993). A fiduciary relationship exists when one party is "under a duty to act or to give advice for the benefit of the other upon a matter within the scope of the relation." *Podolan*, 123 Idaho at 946, 854 P.2d at 289 (citing RESTATEMENT (SECOND) OF TORTS § 874 cmt. a (1979)). Whether a fiduciary relationship exists is a question of law. *Hayden Lake Protection Dist. v. Alcorn*, 141 Idaho 388, 401, 111 P.3d 73, 86 (2005).

Although this Court has not specifically addressed the scope of a trustee's fiduciary duty to a contingent beneficiary, we have recognized that a residual beneficiary of a trust may have a sufficient interest to complain about actions that jeopardize its corpus. *Taylor v. Maile*, 142 Idaho 253, 258, 127 P.3d 156, 161 (2005). Indeed, it seems generally accepted that "a trustee owes the same fiduciary duty to a contingent beneficiary as to one with a vested interest insofar as necessary for the protection of the contingent beneficiary's rights in the trust property." 90A C.J.S. *Trusts* § 335 (2011) (citing *Kenny v. Citizens Nat'l Trust & Savings Bank of Los Angeles*, 269 P.2d 641 (Cal. App. 2d Dist. 1954)); *see also* RESTATEMENT OF TRUSTS § 214(1), cmt. a (1959) ("[A]ny beneficiary can maintain a suit against the trustee to enforce the duties of the trustee to him …," a right that is "applicable to beneficiaries who have vested or contingent interests"). Thus, Beaudoin may be correct that Davidson Trust's fiduciary duty to her continued even after she had exhausted her share of the trust because pursuant to the trust terms, she was a named contingent beneficiary of her sister's share.

Notwithstanding, Beaudoin's contingent interest—and Davidson Trust's accompanying fiduciary duty to her—ended upon Van Dyke's death, when Brooks' and Brianna's contingency occurred and Beaudoin's contingency did not. Beaudoin creatively argues that this Court should recognize a fiduciary relationship up until the funds were actually distributed to Brooks and Brianna because they could have died or disclaimed their interest up until that point, causing the interest to accelerate to Beaudoin. In addition to the fact that there is no legal support advanced or to be found for this theory, there is no logical reason to recognize such a lingering duty.

First of all, the trust clearly provides that, "Upon the death of [Van Dyke] her share of this trust shall terminate and shall be distributed to the surviving issue by right of representation of [Beaudoin]." That language clearly makes the death of Van Dyke the moment of the vesting of Brooks' and Brianna's interests and the termination of Beaudoin's interest. Further, when a gift is beneficial, acceptance by the beneficiary is presumed; thus, recognizing a lingering duty up until some conscious decision not to disclaim would run counter to that presumption. *See* 97 C.J.S. *Wills* § 1710 (2011); *Matter of Estate of Ashe*, 114 Idaho 70, 78, 753 P.2d 281, 289 (Ct. App. 1988). Finally, extending the contingent interest because of the remote possibility that the fixed beneficiary could die between vesting and distribution would be highly speculative. This Court has been hesitant to allow even parties with still existing but remote contingent interests to complain about trustee behavior. *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866,

5

870, 993 P.2d 1197, 1201 (1999) (holding that beneficiaries with highly remote contingent interests in a trust were not real parties in interest to a suit to enjoin a sale of trust-held real estate for purposes of I.R.C.P. 17(a)).

The more legally cogent time to sever a contingent interest and its accompanying fiduciary relationship is the moment that the contingency fails to occur. This squares with the generally recognized scope of the trustee's duty upon the termination of the trust and final distribution of the trust principal, as is the situation here. "Upon the termination of the trust it is the duty of the trustee to the person beneficially entitled to the trust property to transfer the property to him …." RESTATEMENT (SECOND) OF TRUSTS § 345 (1959). The trustee owes this duty to the fixed remainder beneficiary alone, to the exclusion of the interest of any third party. *See Edwards v. Edwards*, 122 Idaho 963, 969, 842 P.2d 299, 305 (Ct. App. 1992). We find that Beaudoin became a mere third party when Van Dyke died and Brooks and Brianna became the fixed beneficiaries of her share, and the fiduciary duty owed by Davidson Trust at that time was to Brooks and Brianna alone.

Thus, because Beaudoin does not dispute the fact that the terms of the trust made Brooks and Brianna the fixed beneficiaries upon Van Dyke's death, nor the fact that the alleged breach occurred after Van Dyke's death, summary judgment was appropriately granted on the basis that Davidson Trust owed Beaudoin no fiduciary duty at the time of the alleged breach.

**C.** **The district court did not err in granting summary judgment on Beaudoin's fiduciary duty claim on the basis that Davidson Trust did not assume a fiduciary duty to Beaudoin because no relationship of trust and confidence was created by Davidson Trust's conduct.**

Alternatively, Beaudoin argues that Davidson Trust assumed a fiduciary duty to her by erroneously treating her as the remainder beneficiary, citing a single case dealing with voluntary assumption of a duty in the negligence context as her support. Davidson Trust responds that Beaudoin's assumed duty claim cannot be raised on appeal because it was not alleged in her complaint, and, regardless, there is no legal support for the proposition that a trustee assumes a fiduciary duty to a third party by mistakenly informing her that she is a beneficiary.

As an initial matter, we will evaluate Beaudoin's assumed fiduciary duty argument because it is simply an alternative theory advanced in support of her fiduciary duty claim rather than a wholly separate claim. Although, as Davidson Trust asserts, it is true that a "voluntary duty is distinct from any other duty the party may have as a result of another undertaking or relationship,"

that does not mean a party cannot argue both in support of the same cause of action. *Jones v. Runft, Leroy, Coffin & Matthews, Chtd.*, 125 Idaho 607, 611–12, 873 P.2d 861, 865–66 (1994). The assumed duty argument was presented to and ruled on by the district court, so this Court may address it.

However, we find that no fiduciary duty was assumed here because no relationship of trust and confidence arose between Beaudoin and Davidson Trust. In support of her position, Beaudoin cites *Baccus v. Ameripride Services, Inc.*, 145 Idaho 346, 179 P.3d 309 (2008), which, as the district court found, offers no support for an assumed fiduciary duty theory because it deals only with assumption of a duty of care to support a simple negligence claim. A fiduciary duty is distinct from a simple tort duty in the negligence context, and finding an assumed fiduciary duty requires more than a mere voluntary undertaking. *See id.* at 350, 179 P.3d at 313. This Court has explained, "Fiduciary relationships are commonly characterized by one party placing property or authority in the hands of another, or being authorized to act on behalf of another." Further,

> [t]he term fiduciary implies that one party is in a superior position to the other and that such a position enables him to exercise influence over one who reposes special trust and confidence in him …. As a general rule, mere respect for another's judgment or trust in [his] character is usually not sufficient to establish such a relationship. The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party.

*Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 278, 824 P.2d 841, 853 (1991).

Here, Beaudoin asserts that Davidson Trust's actions of informing her via phone that she was the beneficiary, meeting with her to discuss her retirement, and making a partial distribution of the trust money to her account all gave rise to a fiduciary relationship even if none existed before. However, the facts and circumstances here show that Davidson Trust was not in a superior position over Beaudoin in regard to the soundness of these actions, and Beaudoin had no foundation for her alleged belief that Davidson Trust would follow through with its mistake. Beaudoin's own deposition revealed several important facts in this regard.

First, Beaudoin was present when her mother designated her children the remainder beneficiaries. Second, she was appointed Advisor to the Trust and had worked with the trustee to govern execution of the trust provisions for years in what the district court characterized as a "co-fiduciary" capacity. Third, Beaudoin knew the trust well enough to exercise authority over the trust property via her durable power of attorney. And finally, she admittedly knew at the time of

Davidson Trust's conduct that it had made a mistake—that she was, in fact, not the designated beneficiary. This admitted knowledge, coupled with her active, authoritative role over the trust, show that no foundation existed for the submission of trust and confidence required for the imposition of a fiduciary duty.

Accordingly, we find that the district court properly granted Davidson Trust summary judgment notwithstanding Beaudoin's assumed fiduciary duty theory.

**D. Because Davidson Trust neither owed nor had assumed a fiduciary duty to Beaudoin at the time of the alleged breach, this Court need not address the question of breach.**

Davidson Trust also argues that Beaudoin alleges no conduct on the part of Davidson Trust that would constitute breach of a fiduciary duty to her. Beaudoin argues that the question of breach is irrelevant to this appeal. Beaudoin is correct. As stated above, to establish a claim for breach of fiduciary duty, the plaintiff must first establish that a fiduciary relationship existed at the time of the alleged breach. *Sorensen*, 141 Idaho at 760, 118 P.3d at 92. Because Davidson Trust neither owed nor assumed a fiduciary duty to Beaudoin, we have no need to evaluate the breach element.

## VI.
## CONCLUSION

Because we find as a matter of law that Davidson Trust neither owed nor had assumed a duty to Beaudoin at the time of the alleged breach, we affirm the judgment of the district court. Costs on appeal are awarded to Davidson Trust.

Chief Justice BURDICK, and Justices EISMANN and W. JONES, and Justice Pro Tem REINHARDT, III., CONCUR.