# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46731

|  |  |  |
|---|---|---|
| MICHAEL D. FERGUSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Boise, May 2020 Term |
| v. | ) | |
| | ) | Opinion Filed: September 24, 2020 |
| LOIS C. FERGUSON, WADE FERGUSON, | ) | |
| J. XARISSA KOENIG, in their capacities as | ) | Melanie Gagnepain, Clerk |
| co-trustees of the Roger Ferguson Family | ) | |
| Revocable Trust and as co-representatives of | ) | SUBSTITUTE OPINION. THE |
| the Sybil Ferguson Estate; and STEVEN J. | ) | COURT'S PRIOR OPINION |
| HART, in his capacity as a co-trustee of the | ) | DATED JULY 15, 2020, IS |
| Roger Ferguson Family Revocable Trust, | ) | HEREBY WITHDRAWN. |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Madison County. Gregory W. Moeller, District Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u>.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, for appellant. Dale Storer argued.

Craig Taylor Law Offices, PLLC, Rexburg, for respondents. Craig Taylor argued.

_____

BRODY, Justice.

This case addresses the fiduciary duties of a trustee who has discretion to spend the trust's principal, the scope of records available to a trust beneficiary under Idaho Code section 15-7-303, and the enforceability of a trust instrument's no-contest provision. Michael D. Ferguson was initially excluded as a beneficiary from his parents' marital trust (the Original Trust). Years later, Michael Ferguson's mother, Sybil Ferguson, essentially reversed Michael Ferguson's exclusion by exercising a power of appointment in her will, designating Michael Ferguson as a beneficiary of the Survivor's Trust—a sub-trust of the Original Trust. When Sybil

Ferguson died, Michael Ferguson petitioned the magistrate court for financial records, including records from the Original Trust, to determine whether he would receive his full share of the Survivor's Trust. The parties filed cross-motions for summary judgment, which the magistrate court denied in part and granted in part. Both parties appealed to the district court. The district court affirmed the magistrate court's decision in part and reversed in part. The district court held that the magistrate court erred in concluding that Michael Ferguson did not become a beneficiary of the Survivor's Trust until his mother's death, concluding that he became a beneficiary the moment his mother named him as a beneficiary more than one year before her death. Further, the district court held that the magistrate court erred in refusing to apply the Original Trust's no-contest provision, removing Michael Ferguson as a beneficiary. We reverse the district court's decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual background

Roger and Sybil Ferguson (the Grantors) created the Ferguson Family Revocable Trust (the Original Trust) on May 23, 1994, which was subsequently amended on October 14, 2011. The Original Trust specified that the Grantors were to serve as co-trustees of the trust while they were both alive. Under Article Two of the Original Trust's Amended and Restated Trust Agreement (the Trust Agreement), the Grantors excluded their son, Michael Ferguson, as a beneficiary.

Under the Trust Agreement, the Original Trust would become irrevocable upon the death of the first Grantor and the assets were to be divided into various sub-trusts. The deceased Grantor's separate property and one-half share of the community property would be distributed to the following sub-trusts: The Roger Ferguson Family Trust (the Family Trust), and the Roger Ferguson Nonexempt Marital Trust (the Marital Trust). The surviving Grantor's separate property and one-half share of the community property would be distributed into a separate sub-trust—the Survivor's Trust. Section 3.03 of the Trust Agreement gave the surviving Grantor the right to continue serving as trustee of the sub-trusts. Further, Section 3.03(a) designated three of the Grantors' children—Wade Ferguson, Lois C. Ferguson, and J. Xarissa (Rissa) Koenig—and the Grantors' long-time accountant—Steven J. Hart—as successor co-trustees (the Successor Trustees) when the surviving Grantor died or was no longer able or willing to serve as trustee.

2

Roger Ferguson died on April 7, 2012. Pursuant to the Trust Agreement, the remaining assets of the Original Trust were to be divided among the three sub-trusts. Sybil Ferguson exercised her right under Section 3.03 of the Trust Agreement to serve as trustee of the three sub-trusts.

Approximately eighteen months after Roger Ferguson's death, Sybil Ferguson had a change of heart regarding the decision to exclude Michael Ferguson. When Sybil Ferguson executed her last will and testament (Will) on October 3, 2013, she exercised a power of appointment granted to her by the Trust Agreement and named Michael Ferguson and various grandchildren as beneficiaries of the Survivor's Trust. As a result of his mother's use of the power of appointment, Michael Ferguson became entitled to a share of the principal and undistributed net income remaining in the Survivor's Trust at the time of Sybil Ferguson's death.

The Survivor's Trust was comprised of Sybil Ferguson's separate property and one-half of any community property held in the Original Trust. Under the Trust Agreement, the trustee of the Survivor's Trust had the right to distribute as much of the principal as the trustee "may determine is necessary or advisable for any purpose" and as much of the principal as the surviving Grantor may request "for any reason." Thus, as the surviving Grantor and sole trustee of the Survivor's Trust, Sybil Ferguson maintained wide discretion to distribute the principal of the Survivor's Trust to herself.

Section 20.03 of the Trust Agreement contained a "Contest Provision" (the forfeiture provision) which stated that if any beneficiary "files suit on a creditor's claim filed by the beneficiary in a probate [sic] of the estate of either Grantor . . . after rejection or lack of action by the applicable fiduciary," the right of the beneficiary to claim his interest would be deemed as if the beneficiary predeceased the surviving Grantor. In other words, if a beneficiary triggered this provision, he would forfeit his interest in the Trust.

Sybil Ferguson died on May 23, 2015. On August 31, 2015, her Will was admitted to probate in Maricopa County, Arizona. Three of her children—Wade Ferguson, Lois C. Ferguson, and Rissa Koenig—were appointed as co-personal representatives (the co-representatives) of her estate. After his mother's death, Michael Ferguson requested financial information regarding the Original Trust and all of the sub-trusts dating back to his father's death in 2012. A dispute over the scope of trust information available to Michael Ferguson followed.

3

**B. Procedural Background**

Michael Ferguson filed a Petition for Accounting and Performance of Trustee Duties on July 27, 2016, which was subsequently amended on March 23, 2017. In his petition, Michael Ferguson sought to review any and all allocations made to the sub-trusts pursuant to the Trust Agreement. Essentially, Michael Ferguson sought information to determine whether he would receive his full share of the Survivor's Trust residue based on the initial allocations made to the sub-trusts after his father's death. In the words of Michael Ferguson's counsel, to "know what comes out at the bottom of the hopper . . . we have to know what went in at the top[.]"

In response, the Successor Trustees asserted nine affirmative defenses, and attached an inventory of the Survivor's Trust's assets to date and interim accounting of the Survivor's Trust. Notably, the Successor Trustees did not provide any documents, information, or accounting from *before* Sybil Ferguson's death.

On March 16, 2017, while this matter was pending before the magistrate court, Michael Ferguson submitted a written claim against Sybil Ferguson's estate. The claim asserted that Michael Ferguson was a creditor of her estate because Sybil Ferguson, as trustee of the Survivor's Trust, breached various fiduciary duties owed to him. The co-representatives disallowed Michael Ferguson's claim against the estate, and Michael Ferguson subsequently filed a Petition for Allowance of Claim and for Stay in the probate court. Michael Ferguson asserted that the Arizona petition was necessary to preserve his rights from being barred by the statute of limitations while his entitlement to the Trust's financial records was litigated. The parties subsequently stipulated to a stay of the Arizona probate proceeding pending resolution of this case.

After the Arizona probate matter was stayed, Michael Ferguson filed a motion for partial summary judgment on the Successor Trustees' first five affirmative defenses in this case. Nine days later, after receiving leave from the magistrate court, the Successor Trustees filed a Supplemental Affirmative Defense and Counterclaim for Declaratory Judgment. The Successor Trustees' supplemental affirmative defense asserted that Michael Ferguson's Arizona petition triggered the forfeiture provision in section 20.03 of the Original Trust, disqualifying Michael Ferguson as a Survivor's Trust beneficiary.

In response to the Successor Trustees' supplemental affirmative defense and counterclaim, Michael Ferguson filed a motion to compel discovery requiring the Successor

4

Trustees to produce certain Trust financial documents for review. The Successor Trustees later filed a cross-motion for summary judgment, requesting judgment on their supplemental affirmative defense, or, in the alternative, summary judgment in favor of their first six affirmative defenses.

The magistrate court held a hearing on the cross-motions, and issued a memorandum decision. The magistrate court denied the Successor Trustees summary judgment to enforce the forfeiture provision, holding that Michael Ferguson's Arizona petition did not trigger the forfeiture provision because it was attempting to ascertain the full extent of Michael Ferguson's interest rather than contest the validity of the Original Trust. However, the magistrate court granted the Successor Trustees summary judgment on their first five affirmative defenses. In so ruling, the magistrate court held that Michael Ferguson did not become a beneficiary of the Survivor's Trust until after Sybil Ferguson's death, and as such, he was not entitled to any Survivor's Trust records from before Sybil Ferguson's death. Further, the magistrate court held that Michael Ferguson lacked standing to seek accounting or information regarding the Original Trust, the Family Trust, or the Marital Trust, because he had never been a beneficiary of those trusts. In light of the magistrate court's initial rulings, the magistrate court also denied Michael Ferguson's motion to compel discovery. The magistrate court entered judgment in accordance with its decision, and both parties appealed to the district court.

After a hearing on intermediate appeal, the district court entered its Decision on Appeal, affirming in part and reversing in part the magistrate court's decision. The district court held that the magistrate court erred in concluding that Michael Ferguson did not become a beneficiary of the Survivor's Trust until after Sybil Ferguson's death. The district court concluded that Michael Ferguson became a beneficiary of the Survivor's Trust when Sybil Ferguson exercised the power of appointment in her Will on October 3, 2013. Additionally, the district court held that the magistrate court erred in refusing to apply the forfeiture provision. The district court held that Sybil Ferguson owed no fiduciary duty to Michael Ferguson because she was not required to preserve any of the Survivor's Trust assets under the Trust Agreement. Because Sybil Ferguson did not owe Michael Ferguson any fiduciary duty, the district court held that Michael Ferguson had no "probable cause" to bring the Arizona petition against Sybil Ferguson's estate. Michael Ferguson timely appealed to this Court.

## II.    STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its capacity as an appellate court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Portfolio Recovery Assocs., LLC v. MacDonald*, 162 Idaho 228, 231, 395 P.3d 1261, 1264 (2017) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). "Thus, this Court does not review the decision of the magistrate court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)).

## III.    ANALYSIS

### A. The district court erred in holding that Sybil Ferguson did not owe Michael Ferguson a fiduciary duty under the Trust Agreement.

The district court concluded that Sybil Ferguson did not owe Michael Ferguson a fiduciary duty under the Trust Agreement. The Trust Agreement gave Sybil Ferguson, as sole trustee, wide discretion in disposing of the Survivor's Trust assets. Section 8.02 of the Trust Agreement allowed Sybil Ferguson to distribute as much of the Survivor's Trust principal to "the surviving Grantor [herself] as the Trustee [herself] may determine is necessary or advisable for any purpose." Further, regarding distributions to beneficiaries, section 18.02 of the Trust Agreement stated that Sybil Ferguson "may make distributions in cash or in kind, or partly in each, in proportions and at values determined by the Trustee." Pursuant to these terms, the district court concluded that Sybil Ferguson "had significant discretion in utilizing the [Survivor's Trust's] assets for her own benefit. Indeed, she was under no obligation to conserve or preserve the assets for any of her children, including [Michael Ferguson]." Based on Sybil Ferguson's discretion to dispose of trust assets, the district court concluded that, while Michael Ferguson "may be owed some limited fiduciary duty in principle, under the express terms of this specific trust, no such duties were afforded him." Thus, the district court held that Michael

Ferguson had "no rights in [Sybil Ferguson's] estate before her death that he can now bring suit to enforce."

On appeal, Michael Ferguson contends that the district court erred in holding that Sybil Ferguson owed him no fiduciary duty during her lifetime. Further, Michael Ferguson argues that the district court erred in holding that Sybil Ferguson's lack of fiduciary duty meant that Michael Ferguson had no rights to enforce in Sybil Ferguson's estate. We agree.

To begin with, it is important to understand that the Survivor's Trust became irrevocable upon the death of Roger Ferguson. Section 5.01 of the Trust Agreement stated: "Upon the death of the first Grantor to die, the Trust shall become irrevocable." Article I of the Trust Agreement defined the term "Trust" to mean the Ferguson Family Revocable Trust as a whole, which included the Survivor's Trust as one of the sub-trusts that was created. With this understanding in mind, we turn to the district court's decisions.

The district court erred in concluding that Sybil Ferguson's discretion to spend Survivor's Trust assets during her lifetime meant that she owed no fiduciary duties to beneficiaries. The Trust Agreement gave Sybil Ferguson discretion to distribute and use the Survivor's Trust principal for "any reason." However, even where a trustee maintains discretion to spend the trust's assets, like Sybil Ferguson in this case, the trustee, is still subject to basic fiduciary duties.

The Restatement (Third) of Trusts contemplates this scenario when analyzing the enforcement and construction of "discretionary interests." *Restatement (Third) of Trusts* § 50 (2003). Courts will not interfere with a trustee's exercise of discretionary power when that exercise is reasonable and based on a proper interpretation of a trust's terms. *Id.* § 50 cmt. b. However, courts will not permit abuse of discretion by the trustee. *Id.* "What constitutes an abuse depends on the terms of the trust, as well as on *basic fiduciary duties* and principles." *Id.* (emphasis added). The Restatement suggests that the basic fiduciary duties relevant to abuse of trustee discretion include, "(i) the general duty to act, reasonably informed, with impartiality among the various beneficiaries and interests and (ii) the *duty to provide the beneficiaries with information concerning the trust and its administration.*" *Id.* (emphasis added and internal citations omitted). Even under the broadest grant of trustee discretion—giving trustees "absolute," "unlimited," or "sole" discretion—the trustee must act honestly and avoid acting in bad faith for a purpose other than to accomplish the purposes of the discretionary power. *Id.* § 50 cmt. c. Thus, while the Restatement generally permits trustees to operate with wide discretionary

7

authority—even where the trustee is also a beneficiary—that discretion does not absolve a trustee of *all* basic fiduciary duties. Thus, the district court erred in concluding that Sybil Ferguson's "significant discretion" to spend Survivor's Trust assets relieved her of all fiduciary duties.

Second, the district court improperly narrowed Sybil Ferguson's fiduciary duties to those provided in the Trust Agreement. When analyzing Sybil Ferguson's fiduciary duties, the district court only considered her duties under the Trust Agreement. The district court failed to consider the full scope of Sybil Ferguson's fiduciary duties under Idaho trust law.

Whether a fiduciary relationship exists is a question of law, over which this Court exercises free review. *Beaudoin v. Davidson Trust Co.*, 151 Idaho 701, 705, 263 P.3d 755, 759 (2011). It is contrary to sound public policy to permit a grantor to relieve a trustee of all accountability. *Restatement (Third) of Trusts* § 50 cmt. c. Generally, a "trustee has a duty to administer the trust diligently and in good faith, in accordance with the terms of the trust *and applicable law*." *Restatement (Third) of Trusts* § 76 (2007) (emphasis added). "A trustee has both (i) a duty generally to comply with the terms of the trust and (ii) a duty to comply with the *mandates of trust law* except as permissibly modified by the terms of the trust." *Id.* § 76 cmt. b (emphasis added). Thus, when analyzing Sybil Ferguson's potential duties in administering the Survivor's Trust, we consider: (1) the terms of the Trust Agreement; *and* (2) the mandates of Idaho trust law.

In Idaho, trustee duties are not limited to those stated in a trust agreement. Idaho trust law recognizes trustee duties in statute and the common law. While Sybil Ferguson enjoyed broad discretion under the Trust Agreement, she was still required to adhere to statutory and common law duties as the Survivor's Trust's sole trustee. For example, Idaho Code section 15-7-303 imposes a duty on trustees to keep the beneficiaries of the trust reasonably informed of the trust and its administration. Upon reasonable request, trustees are required to provide beneficiaries with "relevant information" about the assets of the trust or a "statement of the accounts" of the trust. I.C. § 15-7-303(b), (c). Further, at common law, this Court has recognized that a "trustee owes a duty to the beneficiary to administer the trust in the interest of the beneficiaries alone, and to exclude from consideration his own advantages and the welfare of third persons. This duty is called the duty of loyalty." *Taylor v. Maile*, 142 Idaho 253, 260, 127 P.3d 156, 153 (2005) (quoting *Edwards v. Edwards*, 122 Idaho 963, 969, 842 P.2d 299, 305 (Ct. App. 1992)) (internal

quotation marks omitted). Thus, Sybil Ferguson still owed the beneficiaries statutory and common law duties, even though those duties were not spelled out in the Trust Agreement. Accordingly, the district court erred by examining Sybil Ferguson's duties solely through the lens of the Trust Agreement.

Third, the district court erroneously concluded that Michael Ferguson had no rights in Sybil Ferguson's estate before her death. The district court cited *Beaudoin* for the proposition that although a beneficiary can maintain a suit against the trustee to enforce the duties that a trustee owes him, it does not *impose* specific duties upon a trustee. Because the Trust Agreement did not impose a duty on Sybil Ferguson to preserve the Survivor's Trust assets during her lifetime, the district court held that Michael Ferguson's status as a beneficiary did not afford him any rights to enforce from *before* Sybil Ferguson's death. We disagree.

The district court failed to consider the implications of its prior holding regarding *when* Michael Ferguson became a beneficiary of the Survivor's Trust. The district court held that Michael Ferguson became a beneficiary of the Survivor's Trust on October 3, 2013, when Sybil Ferguson exercised the power of appointment in her Will. Based on that holding, Michael Ferguson was a beneficiary of the Survivor's Trust for approximately eighteen months before Sybil Ferguson's death on May 23, 2015. During this eighteen-month period, Michael Ferguson had the same rights as other beneficiaries in the Survivor's Trust, including the right to seek relevant records and information about the assets and particulars of the Survivor's Trust's administration. *See* I.C. § 15-7-303(b). "[A]ny beneficiary can maintain a suit against the trustee to enforce the duties of the trustee to him[.]" *Beaudoin*, 151 Idaho at 705, 263 P.3d at 759 (quoting *Restatement of Trusts* § 214 cmt. a). Thus, Michael Ferguson *did* have rights that he could enforce in the Survivor's Trust before Sybil Ferguson's death. We acknowledge that Sybil Ferguson had the discretion to spend Survivor's Trust's assets as she pleased, however, that did not relieve her of fiduciary duties imposed on her by statute, nor did it diminish Michael Ferguson's rights as a beneficiary. Thus, the district court erred in concluding that Michael Ferguson had no rights in Sybil Ferguson's estate before Sybil Ferguson's death.

**B. The district court erred in failing to address whether Michael Ferguson is entitled to Original Trust allocation records pursuant to Idaho Code section 15-7-303.**

Michael Ferguson's petition sought financial information regarding the manner in which Original Trust assets were distributed between the Survivor's Trust, Marital Trust, and Family

Trust following Roger Ferguson's death. Michael Ferguson argued that, as a beneficiary of the Survivor's Trust, Idaho Code section 15-7-303(b) entitled him to relevant information about these initial allocations to determine whether the Trust that he was a beneficiary of received an appropriate share of the Survivor's Trust. The magistrate court concluded that Michael Ferguson did not become a beneficiary of the Survivor's Trust until Sybil Ferguson's death. As such, the magistrate court ruled that Michael Ferguson was not entitled to information from before Sybil Ferguson's death because he lacked standing to seek an accounting or any other relief for any period of time before Sybil Ferguson's death. The district court reversed the magistrate court's conclusion regarding *when* Michael Ferguson became a beneficiary, holding that Michael Ferguson became a beneficiary on October 3, 2013, when Sybil Ferguson exercised the power of appointment in her Will. Despite this holding, the district court did not rule on the magistrate court's conclusion that Michael Ferguson lacked standing to pursue Original Trust information from before Sybil Ferguson's death under Idaho Code section 15-7-303(b).

On appeal, Michael Ferguson argues that the district court erred in failing to address whether he was entitled to "relevant" financial records from before Sybil Ferguson's death. We agree.

Idaho Code section 15-7-303(b) provides a trustee's duty to inform and account to beneficiaries of the trust:

> The trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration. In addition:
>
> . . .
>
> (b) Upon reasonable request, the trustee shall provide the beneficiary with a copy of the terms of the trust which describe or affect his interest and with *relevant information about the assets of the trust and the particulars relating to the administration.*

I.C § 15-7-303(b) (emphasis added).

Here, it is undisputed that Michael Ferguson, as a beneficiary of the Survivor's Trust, requested information from the Successor Trustees regarding the Original Trust's initial allocation of funds to the Survivor's Trust, Marital Trusts, and Family Trust. In response, the Successor Trustees refused to provide *any* records or information from *before* Sybil Ferguson's death—the only records produced were Survivor's Trust records from after Sybil Ferguson's death. Whether Michael Ferguson is entitled to Original Trust and Survivor's Trust information

10

from before Sybil Ferguson's death depends on whether they concern relevant information about the assets of the Survivor's Trust and the particulars of its administration. *See* I.C. § 15-7-303(b).

The district court only mentions Idaho Code section 15-7-303 once its decision, concluding that the "[Successor Trustees'] only duties to [Michael Ferguson] are limited to the proper administration of the [Survivor's Trust] *after* [Sybil Ferguson's] death as provided in [Idaho Code section] 15-7-303." Outside of this sentence, the district court failed to consider whether any of the records Michael Ferguson requested would concern relevant information under section 15-7-303. The district court erred in failing to consider whether the records Michael Ferguson sought from before Sybil Ferguson's death would include relevant information under section 15-7-303(b).

The scope of the records sought by Michael Ferguson and the Survivor's Trust's source of funding are critical to understand the district court's error. Importantly, in order to determine whether the Trust he was a beneficiary of received its full share of the remaining Survivor's Trust assets, Michael Ferguson needed records dating back to the event that created the Survivor's Trust—Roger Ferguson's death. Upon Roger Ferguson's death, the assets in the Original Trust were to be allocated into multiple sub-trusts. Section 5.02 of the Trust Agreement provided that the surviving Grantor's (Sybil Ferguson) separate property and any interest in community property of the Original Trust were allocated to the Survivor's Trust. Further, section 5.02 provided that the deceased Grantor's (Roger Ferguson) separate property and any interest in the community property of the Original Trust were allocated to the Marital Trust and Family Trust. Thus, the initial allocation of assets flowing from the Original Trust to the sub-trusts is a critical event in the creation and funding of these sub-trusts. In other words, the allocations made after Roger Ferguson's death—and *before* Sybil Ferguson's death—are necessary to determine whether the appropriate allocations were made pursuant to the Trust Agreement and whether the Trust which Michael Ferguson was a beneficiary of received its full share of the balance due in the Survivor's Trust.

The fact that Michael Ferguson is requesting information from *before* he became a Survivor's Trust beneficiary is of no consequence under section 15-7-303. Idaho Code section 15-7-303(b) does not place any temporal limitations on the information a beneficiary is owed. Rather, section 15-7-303(b) only asks if the information sought is *relevant* to the assets of the trust and the particulars relating to administration. Here, it is hard to conceive of any information

11

that would be more relevant to the assets and particulars of the Survivor's Trust administration than information regarding the initial allocations from the Original Trust to the sub-trusts after Roger Ferguson's death. In order to determine whether the Survivor's Trust received its full share of the allocation it was owed, Michael Ferguson needs to understand whether the appropriate allocation was made in the first place.

The Successor Trustees cite *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 993 P.2d 1197 (1999), for the proposition that individuals with a contingent interest in trust assets do not have the same status as individuals with a vested interest in trust assets. *Christensen* involved an action to rescind the sale of real estate. *Id.* at 868, 993 P.2d 1199. The suit was brought by the co-trustee of a revocable trust and several co-plaintiffs. *Id.* at 869, 993 P.2d 1200. The co-plaintiffs, who were all contingent beneficiaries under the revocable trust, were subsequently dismissed from the case, however, after the trial court ruled that they were not real parties in interest. *Id.* at 870, 993 P.2d 1201. This Court affirmed the trial court's decision, holding that "[t]he co-plaintiffs' contingent interest in the trust corpus was not sufficient to make them real parties in interest in an action involving the [trust]." *Id.* The Court explained:

> Idaho Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." I.R.C.P. 17(a). A real party in interest "is the person who will be entitled to the benefits of the action if successful, one who is actually and substantially interested in the subject matter." *State, Dep't of Law Enforcement v. One 1990 Geo Metro*, 126 Idaho 675, 680, 889 P.2d 109, 114 (Ct.App.1995) (quoting *Carrington v. Crandall*, 63 Idaho 651, 658, 124 P.2d 914, 917 (1942) (decision under statutory precursor to I.R.C.P. 17(a))).
>
> The contingent interest of the co-plaintiffs does not make them "actually and substantially interested in the subject matter." *One 1990 Geo Metro*, 126 Idaho at 680, 889 P.2d at 114. The co-plaintiffs, as children of [the Grantors], will have an interest in the assets of the [trust] only if (1) [the Grantors] do not exhaust the trust corpus during their lifetimes, and (2) funds remain after $100,000 is distributed to the Missionary Trust. Because the co-plaintiffs have a mere expectancy, they will not be entitled to the benefits of a successful suit. *Cf. Federal Land Bank of Spokane v. Parsons*, 116 Idaho 545, 547–48, 777 P.2d 1218, 1220–21 (Ct.App.1989) (explaining that son's expectation of owning family property did not make him a "party aggrieved" under I.A.R. 4). Thus, the co-plaintiffs do not come under the definition of real parties in interest.

*Id.*

The Successor Trustees' reliance on *Christensen* is misplaced for two reasons. First, unlike the situation in *Christensen*, Michael Ferguson is not bringing an action against a third

party on behalf of the Survivor's Trust. Rather, he is bringing an action to vindicate his own legal rights. Second, and more importantly, Idaho law makes it clear that Michael Ferguson is entitled to the information that he is seeking. "Upon reasonable request, the trustee shall provide the beneficiary with a copy of the terms of the trust which describe or affect his interest and with relevant information about the assets of the trust and the particulars relating to the administration." I.C. § 15-7-303(b). Furthermore, Idaho law clearly indicates that the term "[b]eneficiary, as it relates to trust beneficiaries, includes a person who has any present or future interest, vested or contingent . . . ." I.C. § 15-1-201(3) (internal quotation marks omitted). Consequently, contingent beneficiaries and vested beneficiaries are on equal footing with respect to the request for information provisions of Idaho Code section 15-7-303(b). Thus, Michael Ferguson is a real party in interest, and he is entitled to vindicate his rights under Idaho law. Accordingly, the district court erred in failing to consider whether Michael Ferguson was entitled to relevant records regarding the initial allocation to the Survivor's Trust from before Sybil Ferguson's death.

### C. The district court erred in enforcing the forfeiture provision before addressing whether the Successor Trustees breached their fiduciary duties in administering the Survivor's Trust.

Michael Ferguson contends that the district court erred in applying and enforcing the Trust Agreement's forfeiture provision. Section 20.03 of the Trust Agreement contains a forfeiture provision that lists various impermissible legal challenges to the sub-trusts and Trust Agreement that would result in a beneficiary forfeiting his interest. The provision reads:

> If any beneficiary of this Trust or any trust created under this Trust Agreement, alone or in conjunction with any other person or entity, engages in any of the following actions, the right of the beneficiary to take any interest given to the beneficiary under this Trust or any trust created under this Trust Agreement shall be determined as it would have been determined as if the beneficiary predeceased the last Grantor to die without leaving any surviving descendants: . . . (c) *files suit on a creditor's claim filed by the beneficiary in a probate* [sic] *of the estate of either Grantor, against the Trust estate or any Document, after rejection or lack of action by the applicable fiduciary*[.]

This type of provision is commonly referred to as a "no-contest" provision. *Restatement (Third) of Trusts* § 96 cmt. a (2012).

When Michael Ferguson filed his Petition for Allowance of Claim and for Stay against Sybil Ferguson's estate in Arizona probate court, the Successor Trustees filed a counterclaim for

13

declaratory judgment in this case, arguing that Michael Ferguson's Arizona petition triggered the Trust Agreement's forfeiture provision. In other words, the Successor Trustee argued that Michael Ferguson forfeited his interest in the Survivor's Trust by filing the Arizona petition. The magistrate court held that the forfeiture provision was not triggered by Michael Ferguson's Arizona petition because Michael Ferguson only filed the claim as a "placeholder," rather than as a challenge to the validity of the Original Trust. Relying on its erroneous prior conclusion that Sybil Ferguson did not owe Michael Ferguson any fiduciary duties, the district court reversed the magistrate court. Specifically, the district court held that because Sybil Ferguson owed no fiduciary duty, it would not be reasonable for Michael Ferguson to conclude he was entitled to an accounting from before Sybil Ferguson's death or that she breached any fiduciary duties as sole trustee of the Survivor's Trust. As such, the district court held that Michael Ferguson lacked "probable cause" to bring his Arizona petition, meaning that he forfeited his interest as a beneficiary in the Survivor's Trust.

1. No-contest provisions are enforceable in Idaho.

Before addressing the parties' arguments on this issue, we address the general enforceability of no-contest provisions—such as the forfeiture provision here—in trust instruments. This Court has never considered whether such provisions are enforceable in trust agreements. We hold that no-contest provisions in trust instruments are enforceable in Idaho.

No-contest provisions, also known as "in terrorem" provisions, are commonly included in wills and trusts to deter unwarranted challenges to the donor's intent and to prevent costly litigation that would deplete the estate. *See Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 cmt. b (2003). In most jurisdictions, no-contest provisions are valid and generally enforceable. *Restatement (Third) of Trusts* § 96 cmt. e. While Idaho appellate courts have never addressed their enforceability, Idaho codified common law limitations on the enforceability of no-contest provisions in wills when it adopted the Uniform Probate Code. Idaho Code Section 15-3-905 provides that, "[a] provision in a will purporting to penalize any interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings." Although this section does not specifically apply to trusts, the same rules and principles logically apply to trusts. *See Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 cmt. i. With the increased use of trusts as will substitutes, no-contest clauses restraining challenges to particular provisions

14

in those trusts "serve the same purpose as do such clauses in wills, and the same test applies to determine the validity of those clauses in the two comparable situations." *Id.*

Further, no-contest provisions are enforceable "unless *probable cause* existed for instituting the proceedings." *Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 (emphasis added). Probable cause exists if there is evidence leading a reasonable person to conclude that there was a substantial likelihood that the challenge would succeed. *Id.* § 8.5 cmt. c. The Restatement provides:

> Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful. A factor that bears on the existence of probable cause is whether the beneficiary relied upon the advice of independent legal counsel sought in good faith after a full disclosure of the facts. The mere fact that the person mounting the challenge was represented by counsel is not controlling, however, since the institution of a legal proceeding challenging a donative transfer normally involves representation by legal counsel.

*Id.* When the contestant establishes probable cause for a challenge to a donative document, it would contravene public policy to enforce the no-contest provision. *Id.* § 8.5 cmt. b.

However, the applicability of a no-contest provision is not unlimited. No-contest provisions "shall not be enforced to the extent that doing so would interfere with the enforcement or proper administration of the trust." *Restatement (Third) of Trusts* § 96(2). No-contest provisions are "ordinarily . . . unenforceable to prevent or punish . . . a demand for or challenge to a trustee's accounting." *Id.* § 96 cmt. e. Further, "[n]o-contest clauses are construed narrowly, consistent with their terms." *Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 cmt. d. The mere filing of a paper that is "intended solely to procure time to ascertain the facts upon which the decision to institute a proceeding must rest should not be construed to constitute the institution of an action to contest[.]" *Id.*

Accordingly, we adopt the majority position identified in the Restatement, and hold that no-contest provisions are generally enforceable in Idaho trust instruments. Further, although no-contest provisions are generally enforceable, their enforceability is subject to various common law limitations.

      2. <u>The Trust Agreement's forfeiture provision is not enforceable because it interferes with the proper administration of the Survivor's Trust.</u>

15

On appeal, Michael Ferguson argues that enforcing the forfeiture provision interferes with the proper administration of the Survivor's Trust. Specifically, Michael Ferguson argues that in enforcing the forfeiture provision, the district court prevented him from obtaining records that he was entitled to as beneficiary of the Survivor's Trust pursuant to Idaho Code section 15-7-303(b). We agree.

At the outset, Michael Ferguson's Arizona petition does fall within the scope of the Trust Agreement's forfeiture provision. Sub-section (c) of the forfeiture provision is triggered when a beneficiary files suit on a creditor's claim in a Grantor's probate estate. Michael Ferguson's Arizona petition sought to litigate his creditor's claim against Sybil Ferguson's (an original Grantor) estate in Arizona probate court. Thus, on its face, Michael Ferguson's creditor's claim falls within the scope of sub-section (c) of the Trust Agreement's forfeiture provision.

Notwithstanding, the forfeiture provision is not enforceable because it interferes with the enforcement and proper administration of the trust. *See Restatement (Third) of Trusts* § 96(2). As trustees of the Survivor's Trust, the Successor Trustees have a duty to keep the Survivor's Trust beneficiaries reasonably informed of the trust and its administration. *See* I.C. § 15-7-303. Upon reasonable request, the Successor Trustees must provide beneficiaries with relevant information about the assets of the trust and particulars relating to its administration. *Id.* § 303(b). Here, the Successor Trustees refused to provide Michael Ferguson with relevant information that he requested pursuant to his rights as a beneficiary under Idaho Code section 15-7-303(b). Instead of producing the information, the Successor Trustees sought to prevent Michael Ferguson from obtaining the information through the forfeiture provision. Put differently, the Successor Trustees are attempting to use the forfeiture provision to remove Michael Ferguson as a beneficiary as a penalty for his seeking records pertaining to the manner in which the Survivor's Trust has been administered. Such a result is inconsistent with the proper administration of the Survivor's Trust under Idaho law, and interferes with Michael Ferguson's rights as a beneficiary in the Survivor's Trust. Accordingly, the district court erred in enforcing the forfeiture provision.

The Successor Trustees argue that the forfeiture provision cannot interfere with the proper administration of the Survivor's Trust because Michael Ferguson's argument overlooks Article Eight and section 18.05 of the Trust Agreement. Further, the Successor Trustees argue that the forfeiture provision should be enforced because Michael Ferguson failed to demonstrate probable cause for filing the Arizona petition. We address these arguments in turn.

16

The Successor Trustees argue that the forfeiture provision cannot interfere with administration of the Survivor's Trust because Article Eight granted Sybil Ferguson "virtually unlimited discretion" in using Survivor's Trust assets. The Successor Trustees further argue, because Sybil Ferguson enjoyed unlimited discretion, she did not owe Michael Ferguson any fiduciary duties. Essentially, the Successor Trustees argue that the forfeiture provision cannot interfere with the Survivor's Trust administration because Michael Ferguson is not entitled to the records he seeks. This argument misses the mark. First, as stated above, Sybil Ferguson did owe some limited fiduciary duties as sole trustee of the Survivor's Trust. Second, Sybil Ferguson's discretion to spend Survivor's Trust assets during her lifetime has no bearing on the Successor Trustees' *current* fiduciary duties to Survivor's Trust beneficiaries. Thus, Sybil Ferguson's discretion to spend Survivor's Trust assets during her lifetime did not alter or impact the Survivor's Trust's current administration.

Further, the Successor Trustees argue that the forfeiture provision cannot interfere with proper administration of the Survivor's Trust because section 18.05 of the Trust Agreement relieves any successor trustees from liability for previous trustees' acts, omissions, or forbearance. Section 18.05 provides:

> No successor [t]rustee is obligated to examine the accounts, records, or actions of any previous [t]rustee, the personal representative of the estate of a deceased Grantor, or any other previous fiduciary. No successor [t]rustee shall be held responsible for any act, omission, or forbearance by any previous [t]rustee or by the personal representative of the estate of a deceased Grantor or any other previous fiduciary.

Section 18.05 is an exculpatory provision that relieves the Successor Trustees from liability for Sybil Ferguson's actions as trustee. However, this exculpatory provision does not relieve the Successor Trustees from their *current* fiduciary duties, nor does it mean that they can ignore a beneficiary's request for relevant records pursuant to Idaho Code section 15-7-303(b).

Additionally, the Successor Trustees argue that the forfeiture provision is enforceable because Michael Ferguson lacked probable cause in filing his creditor's claim in Arizona probate court. The probable cause requirement is a limitation on the enforceability of no-contest provisions. *Restatement (Third) of Trusts* § 96 cmt. e. The Restatement provides that no-contest provisions are enforceable "unless probable cause existed for instituting the proceeding." *Id.* The Restatement defines probable cause as evidence that, at the time of instituting the proceeding, "would lead a reasonable person, properly informed and advised, to conclude that there was a

17

substantial likelihood that the challenge would be successful." *Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 cmt. c. Like no-contest provisions, Idaho has never considered whether lack of probable cause is a requirement to enforce a no-contest provision.

Because the forfeiture provision interferes with the proper administration of the Survivor's Trust, we decline to consider whether Michael Ferguson had probable cause to bring the Arizona petition. Two facts from the record support our decision. First, Michael Ferguson filed the Arizona petition approximately ten months after filing his initial petition here. In that ten-month period, the Successor Trustees refused to provide *any* information regarding Survivor's Trust allocations that would allow Michael Ferguson to determine whether the Survivor's Trust received an appropriate share of the available assets. Thus, the Successor Trustees attempted to enforce the forfeiture provision while withholding critical information in determining the proper administration of the Survivor's Trust. Second, Michael Ferguson's Arizona petition was necessary to preserve his creditor's claim in Arizona probate court. Arizona has a two-year statute of limitations for claims against a decedent's estate. ARIZ. REV. STAT. § 14-3803(A)(1). A claimant must file his claim within two years after the decedent's death. *Id.* Sybil Ferguson died on May 23, 2015, and Michael Ferguson first notified Sybil Ferguson's estate of his claim on March 16, 2017. At that point, Michael Ferguson had approximately two months to file his claim to comply with the Arizona statute. Further, once a claim is disallowed by the personal representatives of the estate, the claimant has sixty days to file a petition in the probate court to preserve his claim. ARIZ. REV. STAT. § 14-3806(A). The co-representatives disallowed Michael Ferguson's initial claim on May 4, 2017. Thus, Michael Ferguson had to petition the probate court within sixty days, or risk losing any potential claim against Sybil Ferguson's estate.

Additionally, Michael Ferguson's Arizona petition expressly stated that, "[r]esolution of this Petition for Allowance of Claim should be stayed pending resolution of the Idaho [l]itigation." As such, Michael Ferguson was merely attempting to preserve his Arizona probate rights pending the information he obtained through this litigation in Idaho. "The mere filing of a paper that is intended solely to procure time to ascertain the facts upon which the decision to institute a proceeding must rest should not be construed to constitute the institution of an action to contest or to challenge." *Restatement (Third) of Property (Wills and Donative Transfers)* § 8.5 cmt. d. Here, Michael Ferguson filed his Arizona petition to preserve his rights against Sybil

18

Ferguson's estate and to procure time to ascertain facts of potential malfeasance through the Idaho litigation.

Based on the Successor Trustees' resistance in providing any information regarding the sub-trust allocations, and Michael Ferguson's immediate stay of the Arizona petition, we will not consider the probable cause issue on appeal. On remand, if Michael Ferguson is provided records that allow him to determine whether he received his full share of the Survivor's Trust, and, within a reasonable time, does not withdraw his Arizona petition, the trial court can take up the issue of whether Michael Ferguson has probable cause to pursue the action without being bound by our determination. Accordingly, we hold that the district court erred in enforcing the forfeiture provision.

## D. The district court erred in failing to address the magistrate court's ruling denying Michael Ferguson's motion to compel discovery.

Michael Ferguson contends that the district court erred in failing to address the magistrate court's ruling on his motion to compel discovery. The magistrate court denied Michael Ferguson's motion to compel for the same erroneous reason that it held that he was not entitled to trust information from prior to Sybil Ferguson's death—that Michael Ferguson was not a beneficiary to the Survivor's Trust until after Sybil Ferguson's death. As such, the magistrate court held that Michael Ferguson did not have standing to seek records or information from before Sybil Ferguson's death. Michael Ferguson argues that the district court erred in failing to address and reverse this decision on intermediate appeal.

The district court did not reach this issue because it enforced the forfeiture provision. Given our rulings today, we remand this matter to the district court with instructions to remand this matter to the magistrate court to re-consider Michael Ferguson's motion to compel consistent with this decision.

## E. Attorney fees on appeal.

Both parties seek an award of attorney fees pursuant to Idaho Code section 12-121 and Idaho Appellate Rule 41. Idaho Code section 12-121 authorizes an award of attorney fees to a prevailing party when the "case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Michael Ferguson argues that Successor Trustees' refusal to allow inspection of Original Trust financial records was frivolous and without foundation in law or fact. In response, the Successor Trustees argue that the district court did not consider their

19

refusal unreasonable because the district court ruled in their favor on intermediate appeal. Further, the Successor Trustees argue that Michael Ferguson's position was unreasonable and without foundation. The Successor Trustees quote the district court's statements that finding for Michael Ferguson would "stand centuries of probate law on its head" and assert that his decision to file a creditor's claim in Arizona probate court was "not legally sound[.]"

Neither party is entitled to attorney fees on appeal. The parties raised complex issues of trust law that were matters of first impression in Idaho. Neither party pursued their case frivolously, unreasonably, or without foundation. Accordingly, we decline to award section 12-121 attorney fees.

## IV. CONCLUSION

In light of the foregoing, we reverse the district court's decision on appeal and remand to the district court with instructions to remand to the magistrate court for further proceedings consistent with this opinion. We award costs on appeal to Michael Ferguson.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and Justice PRO TEM HORTON CONCUR.